JOHN WALSHE MURRAY (074823)
ROBERT A. FRANKLIN (091653)
RACHEL RAGNI LARRENAGA (241061)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone:  (650) 852-9000; (408) 907-9200
Facsimile:  (650) 852-9244
Email:  jwmurray@murraylaw.com
Email:  rfranklin@murraylaw.com
Email:  rragni@murraylaw.com

Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| | Cases Jointly Administered |
| **COMMUNITY TOWERS I, LLC,**<br>A Delaware Limited Liability Company,<br>Employer Tax I.D. No. 75-2456729, | Case No. 11-58944-SLJ-11 |
| **COMMUNITY TOWERS II, LLC,**<br>A Delaware Limited Liability Company,<br>Employer Tax I.D. No. 75-2560662, | Case No. 11-58945-SLJ-11 |
| **COMMUNITY TOWERS III, LLC,**<br>A Delaware Limited Liability Company,<br>Employer Tax I.D. No. 32-0065635, | Case No. 11-58948-SLJ-11 |
| **COMMUNITY TOWERS IV, LLC,**<br>A Delaware Limited Liability Company,<br>Employer Tax I.D. No. 77-0379075, | Case No.  11-58949-SLJ-11 |
| Debtor(s). | **Hearing on Plan Confirmation** |
| 111 W. Saint John Street, Suite 705<br>San Jose, California 95113 | Date:     May 31, 2012<br>Time:     1:30 p.m.<br>Place:    United States Bankruptcy Court<br>            280 S. First St., Room 3099<br>            San Jose, CA  95113<br>Judge:   Honorable Stephen L. Johnson |

## DEBTORS' JOINT PLAN OF REORGANIZATION
### (DATED MARCH 27, 2012)

JWM/RRL:cc:mw
K:\Community Towers I\Pl\Comm. Towers I-IV_C\Plan and DS\Pro March Plan v4.docx

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case: 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 1 of 37

# TABLE OF CONTENTS

Page

ARTICLE I. DEFINITIONS ................................................................................2

ARTICLE II. DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS.............9

    2.1    Class 1 (Allowed Secured Claim of the Santa Clara County Tax Collector). ..............9
    2.2    Class 2 (Allowed CIBC Claim). ...............................................................9
    2.3    Class 3 (Allowed Priority Claims).............................................................9
    2.4    Class 4 (Pre-Paid Rent Claims). ..............................................................9
    2.5    Class 5 (Lease Deposit Claims). ..............................................................9
    2.6    Class 6 (General Unsecured Claims). .........................................................9
    2.7    Class 7 (General Unsecured Claims of John and Rosalie Feece). ...........................9
    2.8    Class 8 (Interests)...............................................................................9

ARTICLE III. TREATMENT OF CLAIMS AND INTERESTS NOT IMPAIRED
UNDER THE PLAN......................................................................................10

    3.1    Class 1 (Allowed Secured Claim of the Santa Clara County Tax Collector). ............10
    3.2    Class 3 (Priority Claims).....................................................................10
    3.3    Class 4 (Pre-Paid Rent Claims)..............................................................11
    3.4    Class 8 (Interests).............................................................................11

ARTICLE IV. TREATMENT OF UNCLASSIFIED CLAIMS........................................11

    4.1    Allowed Administrative Claims................................................................11
    4.2    Tax Claims Entitled to Priority under Section 507(a)(8). .................................12

ARTICLE V. TREATMENT OF CLASSES OF CLAIMS AND INTERESTS THAT
ARE IMPAIRED UNDER THE PLAN ..............................................................12

    5.1    Class 2 (Allowed CIBC Claim). .............................................................12
    5.2    Class 5 (Lease Deposit Claims). .............................................................13
    5.3    Class 6 (Allowed General Unsecured Claims). .............................................13
    5.4    Class 7 (General Unsecured Claims of John and Rosalie Feece). .........................14

ARTICLE VI. MEANS FOR IMPLEMENTATION OF THE PLAN...............................14

    6.1    Business Operation. ...........................................................................14
    6.2    Payments On the Effective Date. .............................................................14
    6.3    Prosecution of Retained Claims. .............................................................15
    6.4    Distributions. .................................................................................15

        6.4.1   Distribution Account..................................................................15
        6.4.2   Distribution Addresses................................................................15
        6.4.3   Withholding Taxes....................................................................15
        6.4.4   Loans..................................................................................15

    6.5    Responsible Person. ...........................................................................16
    6.6    Disbursing Agent. .............................................................................17
    6.7    De Minimis Distributions. ....................................................................17
    6.8    Unclaimed Distributions. ....................................................................17

JWM/RRL:cc:mw
S:\...\Colonnade\Plan\Chapter 11 Plan\DS\ Plan\Plan, LLC\Plan and
DS\Plan\March\Plan v4.docx

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

6.9     Tax Returns, Payments and Refunds. ........................................................17
6.10    Further Orders. ...................................................................................18
6.11    Post-Confirmation Employment of Personnel. .......................................18
6.12    Post-Confirmation Compensation and Reimbursement of Debtors' Professionals. ....18
6.13    Post-Confirmation Notice. .....................................................................19
6.14    Revesting of Property of the Estates. ......................................................20
6.15    Exemption From Certain Transfer Taxes. ................................................20
6.16    Post-Confirmation Reports, Fees, and Final Decree. ..............................20

    6.16.1  U.S. Trustee Fees. .................................................................20
    6.16.2  Post-Confirmation Reports. ....................................................20
    6.16.3  Final Decree. ........................................................................20

ARTICLE VII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES ..................................21

7.1     Treatment of Executory Contracts and Unexpired Leases...........................21
7.2     Assumption of Executory Contracts and Unexpired Leases.........................21
7.3     Effect of Assumption of Executory Contracts and Unexpired Leases.............21
7.4     Adding and Removing Executory Contracts and Unexpired Leases..............21
7.5     Defaults. ...........................................................................................22
7.6     Rejection of Executory Contracts and Unexpired Leases. ...........................22
7.7     Rejection Claims. ................................................................................22

ARTICLE VIII. PROOFS OF CLAIM; OBJECTIONS.........................................................22

8.1     Time for Filing Proofs of Claim. ...........................................................22
8.2     Ownership and Transfers of Claims.........................................................22
8.3     Amendments to Claims. ........................................................................23
8.4     Claim Objections. ...............................................................................23
8.5     Disallowance of Claims. ......................................................................23
8.6     Reserve Accounts. ...............................................................................24

    8.6.1  Disputed Claims Reserve Account ..........................................24

8.7     Distributions. .....................................................................................24

ARTICLE IX. DEFAULT ...........................................................................................24

ARTICLE X. PRESERVATION OF RETAINED CLAIMS and Avoidance Actions ......................25

ARTICLE XI. RETENTION OF JURISDICTION ................................................................26

ARTICLE XII. EFFECT OF ORDER OF CONFIRMATION ...................................................27

12.1    Binding Effect of Plan. ........................................................................27
12.2    Discharge. .........................................................................................27
12.3    Full Satisfaction of Claims and Interests. ...............................................27
12.4    Injunction. .........................................................................................28
12.5    Judgments Null and Void. ....................................................................28
12.6    Preservation of Insurance. ...................................................................28

ARTICLE XIII. CONDITIONS PRECEDENT ....................................................................28

13.1    Conditions Precedent. ..........................................................................28
13.2    Waiver of Conditions. ..........................................................................28

JWM/RRL:cc:mw
SDO\...\P\Confirmed...C\Plan\
DS\Plan\March\Plan v4.docx

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case 8:09-bk-13944-ES    Doc 122    Filed 03/27/12    Entered 03/27/12 16:40:10    Desc    Main Document    Page 3 of 37

ARTICLE XIV. MISCELLANEOUS ...................................................................29

    14.1    No Admissions. ......................................................................29
    14.2    Revocation of the Plan. .........................................................29
    14.3    Successors and Assigns. ........................................................29
    14.4    Nonconsensual Confirmation .................................................29
    14.5    Destruction of Records. .........................................................30
    14.6    Saturday, Sunday and Legal Holiday. ....................................30
    14.7    Plan Interpretation. ...............................................................30
    14.8    Modification. ........................................................................30
    14.9    Setoff/Recoupment. ..............................................................30
    14.10  Waiver. .................................................................................30
    14.11  Notices. ................................................................................31
    14.12  Reservation of Rights. ...........................................................31
    14.13  Exhibits. ...............................................................................32

JWM/RRL:cc:mw
S:\Scoutamum\Plan\P\Case Doc\Freed LLC\Plan and
DS\Plan\March\Plan v4.docx

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

# TABLE OF EXHIBITS

**EXHIBIT A**          **LOAN DOCUMENTS MODIFICATION**

**EXHIBIT B**          **LIST OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO PLAN**

Case 3:10-bk-09944-PEP   Doc#122   Filed: 03/27/12   Entered: 03/27/12 16:40:10   Page 5 of 37

# **PRELIMINARY STATEMENT**

Community Towers I, LLC, Community Towers II, LLC, Community Towers III, LLC, and Community Towers IV, LLC (the "**Debtors**") propose their DEBTORS' JOINT PLAN OF REORGANIZATION (DATED MARCH 27, 2011) (the "**Plan**") pursuant to the provisions of Chapter 11 of the Bankruptcy Code.

On September 26, 2011, the Debtors each filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. On September 27, 2011, the Court entered its ORDER AUTHORIZING AND DIRECTING JOINT ADMINISTRATION OF ESTATES.

Chapter 11 sets forth the rules and procedures under which financially distressed entities may be reorganized or liquidated pursuant to a plan presented to Creditors and Interest Holders for consideration and approval. Confirmation (approval) of the Plan is the culmination of that process.

This Plan sets forth the Debtors' proposal for the reorganization of the Debtors and the treatment of all Allowed Claims against the Debtors. With the Plan, Creditors and Interest Holders will receive the DISCLOSURE STATEMENT FOR DEBTORS' JOINT PLAN OF REORGANIZATION (DATED MARCH 27, 2012) (the "**Disclosure Statement**"). With the Plan and Disclosure Statement, Creditors will receive a Ballot for voting on the Plan. Class 1 Creditors, Class 3 Creditors, Class 4 Creditors and Class 8 Interests are not impaired under the Plan and are therefore conclusively presumed to have accepted the Plan. Accordingly, acceptances with respect to these classes are not being solicited and no Ballots need be returned by members of these classes. Acceptances of the Plan are therefore being solicited only from members of Classes 2, 5, 6 and 7. Consequently, only holders of Classes 2, 5, 6 and 7 claims need return their Ballots.

The Disclosure Statement includes a summary of the Debtors' history, a summary of significant events during the Chapter 11 cases, a summary of the Debtors' assets and liabilities, a summary of what Creditors and Interest Holders will receive under the Plan, a discussion of certain alternatives to the Plan, and a summary of the procedures and voting requirements necessary for Confirmation of the Plan.

You should thoroughly review both the Plan and the Disclosure Statement before deciding whether you will accept or reject the Plan.

JWM/RRL:cc:mw
K:\Community Towers I\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan (Redline).wpd

1

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 6 of 37

CREDITORS AND INTEREST HOLDERS WISHING TO VOTE ON THE PLAN SHOULD COMPLETE THE BALLOT PROVIDED AND RETURN IT NO LATER THAN **MAY 21, 2012 AT 5:00 P.M. PACIFIC DAYLIGHT TIME** TO:

**Murray & Murray**
**A Professional Corporation**
**Attn: Rachel Ragni Larrenaga**
**19400 Stevens Creek Boulevard, Suite 200**
**Cupertino, California 95014-2548**

IF YOUR BALLOT IS NOT RETURNED BY MAY 21, 2012 AT 5:00 P.M. PACIFIC DAYLIGHT TIME, IT MAY NOT BE CONSIDERED. BALLOTS WHICH ARE RETURNED BUT NOT PROPERLY EXECUTED WILL NOT BE CONSIDERED. BALLOTS WHICH ARE EXECUTED BUT WHICH FAIL TO INDICATE EITHER ACCEPTANCE OR REJECTION OF THE PLAN WILL BE CONSIDERED AS ACCEPTING THE PLAN.

If any class of Claims does not accept the Plan, the Debtors may elect to seek Confirmation of the Plan under Section 1129 (b) of the Bankruptcy Code. Confirmation under Section 1129 (b) can, in appropriate circumstances, take place notwithstanding the rejection of, or objection to, the Plan by Creditors and Interest Holders. If required, as permitted by the terms of the Plan, the Plan may be modified at or prior to the hearing on Confirmation to permit Bankruptcy Court approval under Section 1129 (b). If the Plan is not confirmed, the Bankruptcy Court may order the Bankruptcy Cases dismissed, or converted to cases under Chapter 7 of the Bankruptcy Code, or the Debtors or other parties in interest may propose a different plan.

## ARTICLE I.

## DEFINITIONS

As used in the Plan, the following terms will have the respective meanings specified below:

**1.1** **"Administrative Claim"** means a Claim for any cost or expense of administration of a kind specified in Section 503(b) of the Bankruptcy Code, including any actual and necessary costs and expenses of preserving the Bankruptcy Estates incurred on or after the Petition Date and through and including the Confirmation Date, any cure amounts that must be paid in connection with the assumption of any executory contract or unexpired lease of the Debtors under Section 365 of the Bankruptcy Code, fees due to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6), and

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan

2

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 7 of
37

compensation for legal or other services and reimbursement of expenses allowed by the Bankruptcy Court under Sections 330 and 331 of the Bankruptcy Code or otherwise.

1.2    "**Administrative Claims Bar Date**" means that date which is thirty (30) days following the date of the Notice of Confirmation.

1.3    "**Administrative Claim Objection Deadline**" means sixty (60) days after the Administrative Claims Bar Date or such later date as may be established by the Bankruptcy Court for cause.

1.4    "**Allowed**" or "**Allowed Amount**" means the amount in which any Claim or Interest is allowed.  Unless otherwise expressly required by the Bankruptcy Code or the Plan, the Allowed Amount of any Claim does not include interest on such Claim from or after the Petition Date.

1.5    "**Allowed Administrative Claim**" means all or any portion of an Administrative Claim that has either been Allowed by a Final Order or to which there has been no objection within the time period established by the Plan or by an order of the Bankruptcy Court.

1.6    "**Allowed Claim**" means a Claim: (a) in respect to which a proof of Claim has been filed with the Bankruptcy Court by the applicable Claims Bar Date and to which no objection has been filed within the time fixed by the Plan or the Bankruptcy Court; (b) as to which no proof of Claim has been filed and which has been listed on Schedule D, E or F of the Debtors' Schedules and is not listed as disputed, contingent, unliquidated or unknown as to amount, and to which no objection has been filed within the time fixed by the Plan or the Bankruptcy Court; or (c) which is Allowed by a Final Order.  No Claim will be considered an Allowed Claim if: (1) an objection to the allowance thereof is interposed by a party in interest within the time fixed by the Plan or the Bankruptcy Court, and such objection has not been overruled by a Final Order; or (2) the Claim has been satisfied.

1.7    "**Avoidance Actions**" means causes of action under Chapter 5 of the Bankruptcy Code.

1.8    "**Ballot**" means the voting ballot Creditors will receive for purposes of voting on the Plan.

1.9    "**Bankruptcy Cases**" or "**Cases**" means the bankruptcy cases commenced by the

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan (Redline).doc

Debtors' filing with the Bankruptcy Court of their Voluntary Petitions under Chapter 11 of the Bankruptcy Code.

1.10    "**Bankruptcy Code**" means title 11, United States Code, § 101, et seq., as in effect and applicable to the Cases.

1.11    "**Bankruptcy Court**" means the United States Bankruptcy Court for the Northern District of California, San Jose Division, or such other court exercising jurisdiction over the Cases.

1.12    "**Bankruptcy Estates**" or "**Estates**" means the estates created by the commencement of the Bankruptcy Cases and comprised of the property described in Section 541 of the Bankruptcy Code.

1.13    "**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure promulgated under 28 U.S.C. § 2075, as amended, as applicable to the Bankruptcy Cases.

1.14    "**Business Day**" means a day, Monday through Friday, excluding Legal Holidays.

1.15    "**CIBC**" means CIBC, Inc. a Delaware corporation.

1.16    "**CIBC Action**" means the action commenced or to be commenced by the Debtors against CIBC as further described herein.

1.17    "**Claim**" means any: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

1.18    "**Claims Bar Date**" means: (a) with respect to Claims other than those held by non-governmental units, January 24, 2012; (b) with respect to Claims held by governmental units, March 26, 2012; (c) with respect to Rejection Claims, the Rejection Claims Bar Date; and (d) with respect to an Administrative Claim, other than as provided in Section 4.1 below for the Claims of the Debtors' Professionals, the Administrative Claims Bar Date.

1.19    "**Claims Objection Date**" means the date ninety (90) days after the Effective Date; provided, however, that the Claims Objection Date may be extended by the Bankruptcy Court for

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
(Redline).doc

4

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case: 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 9 of 37

cause upon the *ex parte* motion of the Reorganized Debtors.

**1.20** "**Confirmation**" means the entry by the Bankruptcy Court of the Order of Confirmation.

**1.21** "**Confirmation Date**" means the date on which the Bankruptcy Court enters the Order of Confirmation.

**1.22** "**Confirmation Hearing**" means the hearing held by the Bankruptcy Court to consider Confirmation of the Plan as required by Section 1128(a) of the Bankruptcy Code.

**1.23** "**Creditor**" means any entity holding a Claim against the Debtors.

**1.24** "**Debtors**" means Community Towers I, LLC, Community Towers II, LLC, Community Towers III, LLC, and Community Towers IV, LLC, all Delaware limited liability companies.

**1.25** "**Debtors' Professionals**" means, collectively, Murray & Murray, A Professional Corporation; Law Offices of Eric Mogensen; and Gattey Law Office; and/or their successors, if any; and such other professionals whose employment by the Debtors prior to the Confirmation Date is approved by order of the Bankruptcy Court, if any; and following the Effective Date, any professionals engaged by the Reorganized Debtors to represent or assist it in fulfilling its duties and obligations as the Reorganized Debtors under the Plan, including such accountant(s) as the Reorganized Debtors may select to complete the Reorganized Debtors' tax returns and other required filings with governmental authorities having jurisdiction over the Reorganized Debtors, and such legal professionals as might be appropriate to assist in administering the Plan, the Bankruptcy Cases and the Bankruptcy Estates.

**1.26** "**Disbursing Agent**" means John L. Feece, provided that the Debtors, the Reorganized Debtors or John L. Feece may request that the Bankruptcy Court designate another Person to serve as Disbursing Agent.

**1.27** "**Disclosure Statement**" means the DISCLOSURE STATEMENT FOR DEBTORS' JOINT PLAN OF REORGANIZATION (DATED MARCH 27, 2012), including any modification(s) thereof and/or amendment(s) thereto.

**1.28** "**Disputed Claim**" means a Claim against the Debtors: (a) as to which a proof of

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
 (Clean).doc

5

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 10 of
37

Claim has not been filed and/or that has been listed in the Debtors' Schedules as disputed, contingent, unliquidated or unknown as to amount;  (b) as to which an objection has been filed within the time fixed by the Bankruptcy Court and which objection has not been withdrawn or disposed of by a Final Order; or (c) by a Person who is a defendant in an adversary proceeding (including an Avoidance Action) which has not been withdrawn or disposed of by a Final Order.

**1.29** "**Disputed Claims Reserve Account**" means a segregated interest-bearing bank account maintained for the purpose of holding cash attributable to Disputed Claims and administered consistent with the provisions of Section 345 of the Bankruptcy Code.

**1.30** "**Distribution**" means, as the context requires:  (a) the cash to be provided under the Plan to the holders of Allowed Claims; or (b) the payment, transfer, delivery or deposit of cash to Creditors pursuant to the Plan.

**1.31** "**Distribution Date**" means any date on which a Distribution is made pursuant to the Plan.

**1.32** "**Effective Date**" means the effective date of the Plan, which will be a date designated by the  Debtors at or before the Confirmation Hearing, but which date will be no less than 15 calendar days and no more than 60 calendar days following the Confirmation Date, or, in the event that the Effective Date of the Plan is enjoined or stayed by a court of competent jurisdiction for any period of time, no later than 30 calendar days following expiration of such stay or injunction; *provided* that such date may be extended up to an additional 30 calendar days beyond the period set forth above by the Reorganized Debtors, in their sole discretion.

**1.33** "**Final Order**" means an order entered on the docket by the Bankruptcy Court or such other court exercising jurisdiction over the case, as applicable, which is no longer subject to appeal, certiorari or other proceedings for review or rehearing, and as to which no appeal, certiorari or other proceedings for review or rehearing are pending.

**1.34** "**General Unsecured Claims**" means any and all general unsecured claims incurred by the Debtors prior to the Petition Date, including Rejection Claims, but not including Administrative Claims, Priority Claims, or Tax Claims.

**1.35** "**Interest**" means a share in the Debtors, whether or not transferable or denominated

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
3.doc
6

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case: 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 11 of
37

as "stock" or similar security.

**1.36** "**Interest Holder**" means the holder of an Interest in the Debtors.

**1.37** "**Lease Agreement**" or "**Lease Agreements**" means the lease agreement each Tenant has with the Debtors for the lease or rent of a space or unit in the Subject Property.

**1.38** "**Lease Deposit Claims**" means a claim for a lease deposit made by a Tenant for the lease or rent of a space or unit in the Subject Property.

**1.39** "**Legal Rate**" means per annum interest at the federal judgment rate.

**1.40** "**Loan Documents Modification**" means **Exhibit "A"** to the Plan.

**1.41** "**Local Rules**" means the Local Rules of the United States District Court for the Northern District of California, as amended, as applicable to these Bankruptcy Cases.

**1.42** "**Member**" means any member of an Interest Holder of the Debtors.

**1.43** "**Notice of Confirmation**" means the NOTICE OF ORDER CONFIRMING PLAN or similarly titled notice of like effect issued by the Clerk of the Bankruptcy Court following Confirmation.

**1.44** "**Notice Parties**" means the Reorganized Debtors, the United States Trustee, the Responsible Person, and any Creditor or party in interest who, after the Confirmation Hearing, serves a notice on the Debtors or Reorganized Debtors and their counsel requesting to be added as a notice party; provided, however, that any Creditor whose Claim has been paid in full will no longer be a Notice Party.

**1.45** "**Order of Confirmation**" means the order entered by the Bankruptcy Court approving and confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

**1.46** "**Petition Date**" means September 26, 2011, the date on which the Debtors each filed their individual Voluntary Petitions under Chapter 11 initiating the Bankruptcy Cases and on which date relief was ordered in the Bankruptcy Cases.

**1.47** "**Plan**" means this DEBTORS' JOINT PLAN OF REORGANIZATION (DATED MARCH 27, 2012), including any modification(s) hereof and/or amendment(s) hereto that comply with Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
v8.doc.1

7

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case 11-58944   Doc# 122   Filed: 03/27/12   Entered: 03/27/12 16:40:10   Page 12 of 37

1.48    **"Pre-Paid Rent Claim"** means any Allowed Claim by a Tenant for the prepayment of rent to lease or rent a space or unit in the Subject Property.

1.49    **"Prime Rate"** means the prime rate quoted by Bank of America, N.A.

1.50    **"Priority Claim"** means any Allowed Claim entitled to priority pursuant to Section 507(a) of the Bankruptcy Code, but not including an Administrative Claim or a Tax Claim.

1.51    **"Rejection Claims"** means an Allowed General Unsecured Claim arising from the Debtors' rejection of an unexpired lease or executory contract pursuant to the Plan or pursuant to an order of the Bankruptcy Court.

1.52    **"Rejection Claims Bar Date"** means the earlier of: (a) thirty (30) days following the date of the Notice of Confirmation; or (b) thirty (30) days after the effective rejection date with respect to an executory contract or unexpired lease rejected before the Confirmation Date pursuant to a Final Order.

1.53    **"Reorganized Debtors"** means the Debtors on and after the Effective Date.

1.54    **"Responsible Person"** means John L. Feece or such other Person designated by an order of the Bankruptcy Court.

1.55    **"Retained Claims"** means any Claim owned or held by the Debtors against any Person as of the Effective Date, including without limitation, Avoidance Actions, and those Retained Claims referred to in Article X.

1.56    **"Schedules"** means the Debtors' schedules of assets and liabilities consisting of Schedules "**A**" through "**H**" filed with the Bankruptcy Court pursuant to Section 521(a)(1) of the Bankruptcy Code and Bankruptcy Rule 1007(b), as may be amended at any time prior to Distribution.

1.57    **"Subject Property"** means the two building, 305,000 square foot office complex located at 111 West Saint John Street and 111 North Market Street, San Jose, California.

1.58    **"Tax Claim"** means any Allowed Claim against the Debtors entitled to priority pursuant to Section 507(a)(8) of the Bankruptcy Code.

1.59    **"Tenant"** means a Person who rents or leases a space or unit in the Subject Property from the Debtors.

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
Book                    8
DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 13 of 37

A capitalized term used in the Plan that is not herein defined but is defined in the Bankruptcy Code or the Bankruptcy Rules will have the meaning ascribed to such term in the Bankruptcy Code or the Bankruptcy Rules.

## ARTICLE II.

## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

The Allowed Claims against and Interests in the Debtors are designated and classified below for purposes of the Plan. Except to the extent that the Plan provides otherwise, a Claim or Interest that is properly includable in more than one class is classified in a particular class only to the extent that it qualifies within the description of that class, and is placed in a different class to the extent it qualifies within the description of such different class.

**2.1 Class 1 (Allowed Secured Claim of the Santa Clara County Tax Collector).**

Class 1 consists of the Allowed Secured Claim of the Santa Clara County Tax Collector arising on or before the Effective Date of the Plan.

**2.2 Class 2 (Allowed CIBC Claim).**

Class 2 consists of the Allowed Secured Claim of CIBC.

**2.3 Class 3 (Allowed Priority Claims).**

Class 3 consists of Allowed Priority Claims, if any.

**2.4 Class 4 (Pre-Paid Rent Claims).**

Class 4 consists of Allowed Pre-Paid Rent Claims.

**2.5 Class 5 (Lease Deposit Claims).**

Class 5 consists of Allowed Lease Deposit Claims.

**2.6 Class 6 (General Unsecured Claims).**

Class 6 consists of Allowed General Unsecured Claims not included in Class 7.

**2.7 Class 7 (General Unsecured Claims of John and Rosalie Feece).**

Class 7 consists of the Allowed General Unsecured Claims of John and Rosalie Feece.

**2.8 Class 8 (Interests).**

Class 8 consists of the Allowed Interests.

/ / /

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan doc3.docx

9

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case: 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 14 of 37

# ARTICLE III.

## TREATMENT OF CLAIMS AND INTERESTS NOT IMPAIRED UNDER THE PLAN

The below classes of Claims and Interests are not impaired under the Plan and will receive the treatment described below:

### 3.1    Class 1 (Allowed Secured Claim of the Santa Clara County Tax Collector).

Class 1 consists of the Allowed Secured Claim of the Santa Clara County Tax Collector for real property taxes arising on or before the Effective Date and secured by the Subject Property. The Allowed Secured Claim of the Santa Clara County Tax Collector arising on or before the Effective Date will be paid in full when due. Pursuant to Section 1129(b)(2)(A)(i), the Santa Clara County Tax Collector shall retain its liens securing its Claim(s) on the Subject Property, to the extent not avoidable and to the extent of the Allowed amount of such Claim(s).

The holder of the Class 1 Claim is unimpaired under the Plan and is presumed to have accepted the Plan. Claims are subject to verification and may be reduced after objections are resolved by the Bankruptcy Court. The foregoing is in full and final satisfaction of the Class 1 Claim.

### 3.2    Class 3 (Priority Claims).

Class 3 consists of all Claims entitled to priority under Bankruptcy Code Section 507(a) other than unclassified Section 503(b) Administrative Claims and Section 507(a)(8) Tax Claims described herein. A preliminary review of the Debtors' books and records indicates that there are no Class 3 Priority Claims. There are no filed Class 3 Claims and the Debtors estimate that on the Effective Date, there will be no Allowed Class 3 Claims. Except to the extent that the holder of a particular Allowed Class 3 Claim, if any, has agreed to a less favorable treatment of such Claim, each holder of an Allowed Class 3 Claim shall be paid in cash, in full upon the later of: (a) the Effective Date; or (b) if such Claim is initially a Disputed Claim, when it becomes an Allowed Claim. The foregoing is in full and final satisfaction of all Class 3 Claims.

The holders of Class 3 Claims, if any, are unimpaired under the Plan and are presumed to have accepted the Plan. Claims are subject to verification and may be reduced after objections are resolved by the Bankruptcy Court. The foregoing is in full and final satisfaction of Class 3 Claims.

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
10
DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case: 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 15 of 37

**3.3 Class 4 (Pre-Paid Rent Claims).**

Class 4 consists of all Pre-Paid Rent Claims. On the Effective Date, each holder of an Allowed Class 4 Claim will receive a credit in an amount equal to its Allowed Claim to use in the normal course of business and pursuant to the terms of the Tenant's Lease Agreement. The foregoing is in full and final satisfaction of all Class 4 Claims.

The holders of Class 4 Claims are unimpaired under the Plan and are presumed to have accepted the Plan. Claims are subject to verification and may be reduced after objections are resolved by the Bankruptcy Court.

**3.4 Class 8 (Interests).**

The Interests of Interest Holders remain unaltered.

The holders of Class 8 Interests are unimpaired under the Plan and are presumed to have accepted the Plan.

## ARTICLE IV.

## TREATMENT OF UNCLASSIFIED CLAIMS

Unclassified Claims will be treated as follows:

**4.1 Allowed Administrative Claims.**

Except to the extent that the holder of a particular Administrative Claim has agreed to a different treatment of such Claim, each holder of an Allowed Administrative Claim will be paid in cash, in full, upon the later of: (a) the Effective Date; (b) if such Claim is initially a Disputed Claim, when it becomes an Allowed Administrative Claim; and (c) if such Claim is incurred after the Petition Date in the ordinary course of the Debtors' business, within such time as payment is due pursuant to the terms giving rise to such Claim or as otherwise authorized by the Bankruptcy Court.

Any request for allowance of an Administrative Claim pursuant to Section 503(a) of the Bankruptcy Code, other than by the Debtors' Professionals, must be filed on or before the Administrative Claims Bar Date. If the holder of an asserted Administrative Claim does not file and serve a request for payment of such Claim on the Debtors on or before that date, the holder will be forever barred from asserting such Claim or receiving any payment on account of such Claim. Any objection to the allowance of an Administrative Claim (excluding any claim by the Debtors'

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan (Redline)

11

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Professionals) must be filed no later than the Administrative Claim Objection Deadline. If no objection to the applicable Administrative Claim is filed on or before that date, such Administrative Claim will be deemed Allowed as of that date. The foregoing is in full and final satisfaction of all Administrative Claims.

### 4.2 Tax Claims Entitled to Priority under Section 507(a)(8).

Except to the extent that the holder of a particular Tax Claim has agreed to a different treatment of such Claim, each holder of an Allowed Tax Claim will be paid in cash, in full upon the later of: (a) the Effective Date; and (b) if such Claim is initially a Disputed Claim, when such Claim becomes an Allowed Tax Claim; provided, however, that no such payment will be made unless and until the holders of Allowed Claims entitled to priority pursuant to Section 507(a)(2) through (a)(7) of the Bankruptcy Code are paid or otherwise receive the treatment accorded to them in the Plan; and, provided further, that any such Tax Claim will be paid no later than five (5) years from the Petition Date with interest as provided by applicable nonbankruptcy law.

## ARTICLE V.

## TREATMENT OF CLASSES OF
## CLAIMS AND INTERESTS THAT ARE IMPAIRED UNDER THE PLAN

### 5.1 Class 2 (Allowed CIBC Claim).

Class 2 consists of the Allowed Secured Claim of CIBC.

Pursuant to section 1129(b)(2)(A)(i), CIBC shall retain all liens, security interests and other encumbrances affecting property of the Debtors and the Reorganized Debtors granted in favor of CIBC prior to the Effective Date to the extent of the Allowed Secured Claim of CIBC. The principal amount plus the allowed accrued interest of the Allowed Secured Claim of CIBC will be paid over ten (10) years from the Effective Date together with interest at the Prime Rate or such other rate as may be determined by the Court, adjusted annually and subject to a three and one quarter percent (3 1/4%) floor, as follows: (i) for the first five (5) years following the Effective Date, CIBC will receive monthly payments of interest only, commencing on the first day of the first calendar month following the Effective Date, and (ii) for years 6 through 10 following the Effective Date, CIBC will receive monthly payments of principal and interest based on a thirty (30) year amortization schedule.

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan Book.1

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case: 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 17 of 37

CIBC's Allowed Secured Claim may be paid in full at any time without penalty, and will be paid in all events no later than ten (10) years following the Effective Date. The Subject Property may be transferred subject to the Allowed Secured Claim of CIBC. The foregoing is in full and final satisfaction of all Class 2 Claims.

The holder of the Class 2 Claim is impaired. All Claims are subject to verification and are likely to be reduced following resolution of Disputed Claims, including mitigation and offset as applicable.

### 5.2    Class 5 (Lease Deposit Claims).

Class 5 consists of all Allowed Lease Deposit Claims. On the Effective Date each holder of an Allowed Class 5 Claim will receive a credit in an amount equal to its Allowed Claim to use in the normal course of business and pursuant to the terms of the Tenant's Lease Agreement; provided, however, that if any holder of a Class 5 Claim is entitled, pursuant to the terms of its Lease Agreement, to a refund of any deposit at the expiration of its Lease Agreement, such refund shall be paid, together with interest at the Legal Rate, in twelve (12) monthly installments commencing on the first day of the first month following the date such refund is otherwise due pursuant to the terms of the Lease Agreement. Allowed Lease Deposit Claims may be paid in full at any time without penalty. The foregoing is in full and final satisfaction of all Class 5 Claims.

The holders of Class 5 Claims are impaired. All Claims are subject to verification and are likely to be reduced following resolution of Disputed Claims, including mitigation and offset as applicable.

### 5.3    Class 6 (Allowed General Unsecured Claims).

Class 6 consists of Allowed General Unsecured Claims.

Except to the extent that the holder of a particular Allowed Class 6 Claim has agreed to a less favorable treatment of such Claim, each holder of an Allowed Class 6 Claim will be paid in full, plus interest at the Legal Rate in twelve equal monthly installments commencing on the first day of the first month following the Effective Date.

Class 6 is impaired. All Claims are subject to verification and are likely to be reduced following resolution of Disputed Claims, including mitigation and offset as applicable.

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
(Black).doc

**5.4    Class 7 (General Unsecured Claims of John and Rosalie Feece).**

Class 7 consists of the Allowed General Unsecured Claims of John and Rosalie Feece.

The principal amount of the Allowed General Unsecured Claims of John and Rosalie Feece will be paid over ten (10) years from the Effective Date together with interest at the Prime Rate, adjusted annually and subject to a three and one quarter percent (3 1/4%) floor, as follows: (i) for the first five (5) years following the Effective Date, John and Rosalie Feece will receive monthly payments of interest only, commencing on the first day of the first calendar month following the Effective Date, and (ii) for years 6 through 10 following the Effective Date, John and Rosalie Feece will receive monthly payments of principal and interest, based on a thirty (30) year amortization schedule.  John and Rosalie Feece's Allowed General Unsecured Claims may be paid in full at any time without penalty but not before the Allowed General Unsecured Claims in Class 6 have been paid in full, and will be paid in all events no later than ten (10) years following the Effective Date.

If the Debtors experience a cash shortfall in any given month that prevents them from making all payments pursuant to the Plan, the payment due to the Class 7 Creditors shall be reduced by the amount of the shortfall and deferred, and paid only at such time as the Debtors have sufficient cash to make up the shortfall deferral.

The foregoing is in full and final satisfaction of all Class 7 Claims.

Class 7 is impaired.  All Claims are subject to verification and are likely to be reduced following resolution of Disputed Claims, including mitigation and offset as applicable.

## ARTICLE VI.

## MEANS FOR IMPLEMENTATION OF THE PLAN

**6.1    Business Operation.**

The Reorganized Debtors will continue to operate the Subject Property and will use cash on hand and cash generated from business operations to perform their obligations under the Plan.

**6.2    Payments On the Effective Date.**

If the Reorganized Debtors do not have sufficient funds on the Effective Date to make the payments provided in the Plan to the holders of Allowed Administrative Claims, Tax Claims and Class 3 Priority Claims, any Member of any Debtor or any affiliate of any Debtor may, in their

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan v3.docx

14

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 19 of 37

discretion, loan sufficient funds to the Reorganized Debtors to make such payments, and such loans shall be treated as Class 6 Claims.

**6.3    Prosecution of Retained Claims.**

Except as otherwise provided in the Plan, subject to Section 6.5 herein, the Responsible Person will collect and prosecute the Retained Claims.

**6.4    Distributions.**

6.4.1    Distribution Account.

If the Disbursing Agent is a Person other than the Responsible Person, the Disbursing Agent shall hold any funds transmitted to it in a segregated trust account for the benefit of holders of Allowed Claims.

6.4.2    Distribution Addresses.

Unless a Creditor has provided the Debtors or the Reorganized Debtors and their counsel with written notice of a different address, Distributions will be mailed to Creditors at the address set forth in the proofs of Claim filed with the Bankruptcy Court.  If no proof of Claim is filed with respect to a particular Claim, the Distribution will be mailed to the address set forth in the Schedules filed by the Debtors.

6.4.3    Withholding Taxes.

Pursuant to Section 346(h) of the Bankruptcy Code, the Disbursing Agent will be entitled to deduct any federal, state or local withholding taxes from any cash payments made with respect to Allowed Claims, as appropriate.  The Disbursing Agent will be permitted to withhold a Distribution to any Creditor who has not provided information requested by the Disbursing Agent for the purpose of fulfilling its obligations hereunder.  The Disbursing Agent shall comply with all reporting obligations imposed on it by any governmental unit with respect to withholding and related taxes.

6.4.4    Loans.

If the Reorganized Debtors do not have sufficient funds to make any payments provided in the Plan, any Member of any Debtor or any affiliate of any Debtor may, in their discretion, loan sufficient funds to the Reorganized Debtors to make such payments, and such loans shall be treated as Class 6 Claims.

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
8 Redl 1

15

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 20 of
37

**6.5    Responsible Person.**

On and after the Effective Date, John L. Feece shall serve as the Reorganized Debtors' Chief Executive Officer.  To the extent provided by the Plan, he will also serve as the Responsible Person and Disbursing Agent.

The Responsible Person will be replaced in the event of a voluntary resignation, death, incapacity or at the request of a party in interest for "cause" upon order of the Bankruptcy Court.  In the event of a voluntary resignation, the then-Responsible Person will select a replacement.  In all other events, the Court will appoint a replacement.  A voluntary resignation will not be effective until a successor has accepted in writing his or her appointment.

The Responsible Person will manage the Reorganized Debtors and will have all of the authority to act on behalf of the Reorganized Debtors in accordance with the Bankruptcy Code, the Bankruptcy Rules and Local Rules.  Such management will include: (a) fulfilling the duties and obligations of the Debtors and the Reorganized Debtors under the Plan; and (b) fully administering the Bankruptcy Estates as required by the Plan, the Order of Confirmation, the Bankruptcy Code and the Bankruptcy Rules, which duties and obligations include the facilitation of Distributions pursuant to the Plan, reviewing Claims, objecting to Disputed Claims, supervising the preparation and filing of required tax returns of the Debtors and closing the Bankruptcy Cases.  The Reorganized Debtors will be substituted as successors to the Debtors and their Estates in all actions and proceedings pending or thereafter commenced in the Bankruptcy Court with respect to Disputed Claims.  Without limiting the foregoing, the Responsible Person, acting on behalf of the Reorganized Debtors, will have all of the rights and powers of an estate representative appointed pursuant to Section 1123(b)(3) of the Bankruptcy Code to prosecute or otherwise assert the Retained Claims, including Avoidance Actions, if any.

The Responsible Person may, in his discretion, employ such other Entities as may be necessary to assist with implementing the Plan and as otherwise necessary in the Cases.

Subject to the Reorganized Debtors' business judgment regarding the pursuit of any particular Retained Claim (which may entail evaluation, among other things, of the cost of pursuing such Retained Claim) and the concurrence of the Reorganized Debtors' Members, the Responsible

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
0 Book 1

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Person will have no obligation to pursue any affirmative claims on behalf of the Reorganized Debtors or its Estates and any such claims may be abandoned or waived.

Upon the Effective Date, the Responsible Person will be authorized on behalf of the Debtors and Reorganized Debtors to execute all instruments, agreements and documents, and to take all actions for and on behalf of the Debtors or Reorganized Debtors necessary to effectuate the provisions of the Plan. Any such document, agreement or instrument executed and delivered by the Responsible Person will be conclusively deemed duly executed by the Debtors and/or Reorganized Debtors without the need for further corporate action or order of the Bankruptcy Court. After the Effective Date, the Responsible Person will be entitled to implement and administer the Plan without the need for further corporate action or order of the Bankruptcy Court.

**6.6    Disbursing Agent.**

John L. Feece shall serve as Disbursing Agent unless otherwise ordered by the Court.

**6.7    De Minimis Distributions.**

Notwithstanding any other provision of the Plan, Distributions of less than $50.00 need not be made on account of any Allowed Claim; provided, however, that Distributions that would otherwise be made but for this provision will carry over to the next Distribution Date until the cumulative amount to which any holder of an Allowed Claim is entitled is more than $50.00, at which time the cumulative amount of such Distributions will be paid to such holder.

**6.8    Unclaimed Distributions.**

Any cash Distributions that remain unclaimed or unnegotiated for ninety (90) days following issuance of the check representing the Distribution or are returned for reasons other than the absence of a current or correct address (unless a current or correct address cannot be determined after reasonable inquiry) will become the property of the Reorganized Debtors.

**6.9    Tax Returns, Payments and Refunds.**

The Reorganized Debtors shall file or cause to be filed any and all delinquent and final tax returns and pay any and all taxes owed by the Debtors and the Reorganized Debtors on a timely basis (other than taxes provided for under the Plan). The Reorganized Debtors reserve all rights to amend prior tax returns of the Debtors and to pursue and collect all potential tax refunds, to claim

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
03.19.docx

losses and to take such other actions to the fullest extent allowed by law.

**6.10    Further Orders.**

Upon motion by the Reorganized Debtors, the Bankruptcy Court may enter such other and further orders as may be necessary or appropriate to facilitate consummation of the Plan.

**6.11    Post-Confirmation Employment of Personnel.**

The Reorganized Debtors and any Disbursing Agent may employ or contract with Persons and other Entities to perform, or advise and assist them in the performance of, their respective obligations under the Plan.   The Reorganized Debtors may continue to employ the Debtors' Professionals for the purposes for which they were employed before the Confirmation Date, and for such additional purposes as the Reorganized Debtors may request, and the Reorganized Debtors may employ such other Professionals as may be necessary to perform their responsibilities under the Plan.

**6.12    Post-Confirmation Compensation and Reimbursement of Debtors' Professionals.**

All Debtors' Professionals employed by the Reorganized Debtors after the Confirmation Date will be entitled to payment of their reasonable post-Confirmation Date fees and reimbursement of expenses on a monthly basis, subject to the following:

Each Debtors' Professional requesting payment of such compensation shall serve a detailed statement of requested fees and expenses on the Notice Parties.

Any Notice Party or other party in interest may object to any portion of the requested fees and expenses.   Any objection to the payment of fees or reimbursement of expenses must be in writing (and sufficiently detailed to allow the Debtors' Professional whose fees or expenses are subject to the objection an opportunity to respond, and ultimately to allow the Bankruptcy Court to rule on such objection) and served on the Notice Parties and the Debtors' Professional whose fees and expenses are subject to the objection.   Such an objection must be served within fifteen (15) days after service of the detailed statement.

If there is no objection to a Debtors' Professional's requested fees and expenses within such fifteen (15) day period, the Reorganized Debtors shall promptly pay the requested amount in full.   If

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
(Black)                                                    18

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 23 of 37

an objection to a portion of the fees or expenses requested is timely served, the Reorganized Debtors shall promptly pay the undisputed portion of such fees and expenses.

To the extent that an objection is timely served, the Responsible Person shall reserve monies in the Disputed Claims Reserve Account in the amount of the disputed fees and expenses pending resolution of said objection.

Any objection to a request for payment of fees and expenses will be resolved by either: (a) written agreement between the Debtors' Professional requesting such fees and expenses and the objecting party; or (b) Final Order of the Bankruptcy Court. Resolution by the Bankruptcy Court must be requested by motion filed and served on the objecting party and the Notice Parties in accordance with the Bankruptcy Rules and the Local Rules on not less than twenty-one (21) days notice and such motion may be filed by either the requesting Debtors' Professional or the objecting party. Any opposition to the motion must be filed and served no later than seven (7) days prior to the hearing.

Debtors' Professionals will not otherwise be required to file applications for Bankruptcy Court approval of post-Confirmation fees and expenses.

### 6.13 Post-Confirmation Notice.

Whenever the Plan requires a Person to provide notice of some action, such Person seeking relief shall be required to serve a written notice on the Notice Parties. Such Person shall be authorized to take the action proposed to be taken in such notice upon the expiration of fifteen (15) days from service of the notice unless, before the expiration of the fifteen (15) day period, a party in interest has filed an objection to such proposed action with the Bankruptcy Court and scheduled a hearing on such objection within thirty (30) days of the filing of such objection. If any such objection is filed, the Person seeking the particular relief shall not take the proposed action unless the Bankruptcy Court approves such action or the objecting party withdraws the objection. Service by electronic filing pursuant to Local Rule 9013-3 shall be adequate for all notices and other pleadings filed with the Bankruptcy Court.

/ / /

/ / /

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan Book.1

19

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case: 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 24 of 37

### 6.14    Revesting of Property of the Estates.

On the Effective Date all property of the Debtors and the Bankruptcy Estates will vest in the Reorganized Debtors, free and clear of any and all liens, encumbrances, Claims and Interests of Creditors and Interest Holders except as provided in the Plan.  Revesting does not modify the nature of any contracts assumed by the Debtors and/or Reorganized Debtors.

### 6.15    Exemption From Certain Transfer Taxes.

Following Confirmation, any sales or transfers will be, to the fullest extent permitted by law, entitled to the exemptions provided for under, and to the fullest extent permitted by, Section 1146(a) of the Bankruptcy Code.  The Debtors reserve all rights to request a determination of legal questions related to the tax effects of the Plan as appropriate under Section 1146(b) of the Bankruptcy Code.

### 6.16    Post-Confirmation Reports, Fees, and Final Decree.

#### 6.16.1  U.S. Trustee Fees.

Not later than thirty (30) days after the end of each calendar quarter that ends after the Effective Date (including any fraction thereof), the Reorganized Debtors shall pay to the United States Trustee the quarterly fee for such quarter until the Cases are converted, dismissed, or closed pursuant to a Final Decree, as required by 28 U.S.C. § 1930(a)(6).

#### 6.16.2  Post-Confirmation Reports.

Not later than thirty (30) days after the end of each calendar quarter which ends after the Effective Date, the Reorganized Debtors shall file and serve upon the United States Trustee a quarterly post-Confirmation status report in substantially the form provided by the United States Trustee.  Further reports must be filed no later than thirty (30) days after the end of every calendar quarter thereafter until the entry of a Final Decree, unless otherwise ordered by the Bankruptcy Court.

#### 6.16.3  Final Decree.

At such time as all motions, contested matters and adversary proceedings have been finally resolved and the Bankruptcy Cases are in a condition to be closed, the Reorganized Debtors shall file an application for the entry of a Final Decree to close the Bankruptcy Cases pursuant to Section 350 of the Bankruptcy Code and Rule 3022 of the Bankruptcy Rules.  Entry of a Final Decree may be

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
(Bk).doc

Case 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 25 of 37

sought by the Reorganized Debtors notwithstanding that all payments required by the Plan have not been completed provided the Bankruptcy Cases are determined by the Bankruptcy Court to be fully administered; provided further, that the Bankruptcy Court retains jurisdiction to hear all matters involving the further administration of the Plan until all holders of Allowed Claims have been paid in full or as otherwise agreed to or provided for under the Plan. The Reorganized Debtors shall serve the application for entry of a Final Decree on the Notice Parties. Pursuant to Local Rule, such application shall be considered by the Bankruptcy Court without a hearing unless within fourteen (14) days after the date of service of the notice, a party in interest files and serves a request for hearing.

## ARTICLE VII.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**7.1    Treatment of Executory Contracts and Unexpired Leases.**

The Debtors reserve the right to move the Bankruptcy Court at any time for authority to assume, assume and assign, or reject, pursuant to Bankruptcy Code Section 365, any and all contracts that are executory and leases that are unexpired.

**7.2    Assumption of Executory Contracts and Unexpired Leases.**

Each contract and lease listed on **Exhibit** "**B**" to the Plan will be assumed by the Debtors on the Effective Date to the extent each such contract is executory and each such lease is unexpired.

**7.3    Effect of Assumption of Executory Contracts and Unexpired Leases.**

All executory contracts and unexpired leases assumed prior to Confirmation or pursuant to the Plan and not otherwise rejected pursuant to the Plan or otherwise will remain in full force and effect, be unimpaired by the Plan except as specifically modified by the Plan and the Order of Confirmation, and be binding on the parties thereto.

**7.4    Adding and Removing Executory Contracts and Unexpired Leases.**

The provisions of this Article VII may be amended, with appropriate notice to those parties in interest directly affected, at any time prior to the conclusion of the hearing on Confirmation of the Plan, to add or remove executory contracts and unexpired leases to be assumed, assumed and assigned, or rejected pursuant to the Plan.

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan v8.doc-3

21

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case: 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 26 of 37

**7.5   Defaults.**

Unless other treatment is agreed to between the parties to each assumed contract or lease, if there has been a default in an assumed executory contract or unexpired lease other than the kind specified in Section 365(b)(2) of the Bankruptcy Code, the Debtors shall, on or before the Effective Date: (a) cure, or provide adequate assurance that they will promptly cure, any such default; (b) compensate, or provide adequate assurance that they will promptly compensate, the other party to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and (c) provide adequate assurance of future performance under such contract or lease.

**7.6   Rejection of Executory Contracts and Unexpired Leases.**

Without admitting the validity of any other executory contracts and unexpired leases, all executory contracts and unexpired leases of the Debtors that are not listed on **Exhibit "B"** to the Plan are hereby rejected by the Debtors as of the Effective Date. Confirmation of the Plan will be deemed to constitute Bankruptcy Court approval of such rejection.

**7.7   Rejection Claims.**

The holder of a Rejection Claim must file with the Bankruptcy Court, and serve on counsel for the Reorganized Debtors, a proof of Claim relative to such Rejection Claim on or before the Rejection Claims Bar Date or be forever barred from asserting any such Claim or receiving any payment or other Distribution on account of such Claim.

## ARTICLE VIII.

## PROOFS OF CLAIM; OBJECTIONS

**8.1   Time for Filing Proofs of Claim.**

Proofs of Claim, when required, must be filed with the Bankruptcy Court no later than the applicable Claims Bar Date (which for most prepetition Claims is January 24, 2012 and for governmental units is March 26, 2012).

**8.2   Ownership and Transfers of Claims.**

Distributions to Creditors under the Plan will be made to the Persons shown on the Debtors' or the Bankruptcy Court's records on the Effective Date. For purposes of any Distribution under the Plan, the Reorganized Debtors, the Disbursing Agent, the Responsible Person, and their

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
v3.docx
22
DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 27 of
37

professionals will have no obligation to recognize any transfer of Claims after the Effective Date.

> ANY PARTY WHO ACQUIRES A CLAIM AGAINST THE DEBTORS OR REORGANIZED DEBTORS AFTER THE EFFECTIVE DATE MUST ARRANGE WITH THE HOLDER OF SUCH CLAIM TO RECEIVE DISTRIBUTIONS TO WHICH THE TRANSFEREE MAY BE ENTITLED. NEITHER THE REORGANIZED DEBTORS NOR THE DISBURSING AGENT WILL BE REQUIRED TO TRACK CHANGES IN OWNERSHIP OF CLAIMS AFTER THE EFFECTIVE DATE.

### 8.3    Amendments to Claims.

Except as provided by the Plan or as otherwise permitted by the Bankruptcy Court, the Bankruptcy Rules or applicable law, proofs of Claim: (a) may not be filed upon expiration of the applicable bar date; and (b) may not be amended after the expiration of the applicable bar date except for amendments to proofs of Claim to decrease the amount or priority thereof.

### 8.4    Claim Objections.

An objection to a Claim must be filed no later than the Claims Objection Date.   The Reorganized Debtors shall have the primary responsibility to review Claims filed against the Debtors, to file objections as appropriate and to resolve Disputed Claims.

### 8.5    Disallowance of Claims.

All claims of any Entity from whom property is sought by the Debtors, the Reorganized Debtors or the Responsible Person, under Sections 542, 543, 550 or 553, of the Bankruptcy Code, or with respect to whom the Debtors, the Reorganized Debtors or Responsible Person alleges is a transferee of a transfer that is avoidable under Section 522(f), 522(h), 544, 545, 547, 548, 549 or 724(a) of the Bankruptcy Code, will be disallowed if: (a) such Entity on one hand, and the Debtors, the Reorganized Debtors or the Responsible Person, on the other hand, agree, or the Bankruptcy Court has determined by a Final Order that such Entity or transferee is liable to turnover any property or monies under any of the aforementioned sections of the Bankruptcy Code, and (b) such Entity or transferee has failed to turnover such property by the dates set forth in such agreement or Final Order.

EXCEPT AS OTHERWISE AGREED, ANY AND ALL PROOFS OF CLAIM FILED AFTER THE APPLICABLE CLAIMS BAR DATE WILL BE DEEMED DISALLOWED AND

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
(Redline).docx

23

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case: 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 28 of 37

EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE OR ACTION, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS WILL NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT ON OR BEFORE THE LATER OF (A) THE CONFIRMATION HEARING, OR (B) 45 DAYS AFTER THE APPLICABLE BAR DATE.

### 8.6 Reserve Accounts.

#### 8.6.1 Disputed Claims Reserve Account.

Subject to the next sentence, any cash that would be distributed to the holder of a Disputed Claim if it were an Allowed Claim on any Distribution Date hereunder will be deposited by the Disbursing Agent into the Disputed Claims Reserve Account. Not later than fifteen (15) days after the Disbursing Agent receives notice that a Disputed Claim has been Allowed in whole or in part, the Disbursing Agent shall Distribute the cash deposited into the Disputed Claims Reserve Account on account of such Disputed Claim. To the extent that cash payments made into the Disputed Claims Reserve Account on account of a Disputed Claim ultimately exceed the cash distributable with respect to the Allowed Amount of such Claim, such excess cash will become the property of the Reorganized Debtors.

### 8.7 Distributions.

Notwithstanding any provision of the Plan specifying a date or time for payments or Distributions of consideration hereunder, payments and Distributions in respect of any Claim that at such date or time is disputed, unliquidated, contingent, or unknown as to amount will not be made until a Final Order with respect to an objection, estimation or valuation of such Claim is entered by the Bankruptcy Court, whereupon appropriate Distributions will be made promptly in accordance with the preceding section.

### ARTICLE IX.

### DEFAULT

If the Reorganized Debtors default in the performance of any of their obligations under the Plan, and have not cured such default within a period of twenty-one (21) days after receipt of written

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
(3.8).doc

24

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case: 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 29 of
37

notice of default from any party in interest affected by the alleged default, then such party in interest may file a motion with the Bankruptcy Court seeking an order directing the Reorganized Debtors to perform such obligations. If the Reorganized Debtors default in the performance of any material obligation under the Plan, any party in interest, including the Office of the United States Trustee, may file a motion with the Bankruptcy Court seeking an order converting the Bankruptcy Cases to cases under Chapter 7 of the Bankruptcy Code. If such motion is granted, the Plan will terminate, and all then remaining property of the Reorganized Debtors will vest in the Chapter 7 estates. Such property will be administered by the Chapter 7 trustee as prescribed in Chapter 7 of the Bankruptcy Code. Any party in interest, including the Reorganized Debtors, may oppose any such motion.

## ARTICLE X.

## PRESERVATION OF RETAINED CLAIMS AND AVOIDANCE ACTIONS

The Debtors continue to review transactions and records which process may result in additional claims against persons not yet identified herein, and may also result in other claims against persons identified herein in addition to those identified at this point in time. Nothing in the Plan will be deemed to constitute a waiver of the powers of the Debtors as debtors in possession under the Bankruptcy Code or the Bankruptcy Rules, and the Debtors and the Reorganized Debtors, as applicable, will retain after Confirmation and after the Effective Date, all powers granted by the Bankruptcy Code and the Bankruptcy Rules to a trustee and debtor in possession, including without limitation, those relating to the recovery of property, avoidance of liens, and objections to, and/or subordination of, Claims, including the CIBC Action. Confirmation of the Plan effects no settlement, compromise, waiver or release of any Retained Claim unless the Plan or Order of Confirmation specifically and unambiguously so provides. The failure of the Plan to refer to any particular Retained Claim is not and will not be construed as a settlement, compromise, waiver, or release of any such Retained Claim. All Retained Claims are hereby preserved and will continue to remain valid after the Effective Date. Except as provided in the Plan or the Order of Confirmation, the Debtors and the Reorganized Debtors reserve any and all Claims, Retained Claims, causes of action and rights against any and all third parties, whether such Claims, Retained Claims, causes of action or rights arose before, on or after the Petition Date, the Confirmation Date, the Effective Date

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
3.doc1

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case: 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 30 of
37

and/or the date Distributions are made. The entry of the Confirmation Order will not constitute *res judicata* or otherwise bar, estop or inhibit any actions by the Debtors or the Reorganized Debtors, as applicable, regarding any claims they hold as identified herein or otherwise.

Without limiting the generality of the foregoing, the Retained Claims include, but are not limited to, Avoidance Actions, the CIBC Action and all claims identified in the Debtors' Schedules and Statements Of Financial Affairs (as amended or supplemented), if any. Any recovery arising out of or related to an Avoidance Action will be property of the Debtors or Reorganized Debtors as applicable, and will be used to pay Distributions pursuant the Plan.

## ARTICLE XI.

## RETENTION OF JURISDICTION

The Bankruptcy Court will have and retain on and after the Confirmation Date and on and after the Effective Date exclusive jurisdiction of the Bankruptcy Cases: (a) to enforce the provisions, purposes, and intent of the Plan; (b) to determine the allowance or disallowance of Claims; (c) to hear and determine proceedings initiated before or after the Confirmation Date and the Effective Date regarding the prosecution of the Retained Claims or any other rights, claims, causes of action or claims for relief held by the Reorganized Debtors against any party, including the recovery of property and subordination of Claims; (d) to fix and approve allowance of compensation and other Administrative Claims, including, if appropriate, payments to be made in connection with the Plan; (e) to adjudicate controversies arising from the terms of the Plan; (f) to hear and determine any proposed modifications of or amendments to the Plan to the extent permitted by Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019; (g) to enforce or interpret the provisions of the Plan, the Order of Confirmation or any order entered by the Bankruptcy Court in the Bankruptcy Cases; (h) to facilitate the consummation of the Plan; (i) to consider such other matters as may be set forth in the Plan or the Order of Confirmation; (j) to hear and determine any Claim of any Person of any nature whatsoever against the Debtors' Professionals arising in, under or related to the Cases; (k) to hear any other matters pertaining to the Plan; and (l) to enter a Final Decree closing the Bankruptcy Cases. If closed, the Bankruptcy Cases may be reopened at any time to facilitate the provisions of this Article XI of the Plan.

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
3-8.doc1

26

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 31 of
37

# ARTICLE XII.

## EFFECT OF ORDER OF CONFIRMATION

As of the Confirmation Date, the effect of the Order of Confirmation will be as provided in Section 1141 of the Bankruptcy Code, and as follows:

### 12.1    Binding Effect of Plan.

The provisions of the confirmed Plan will bind the Debtors, the Reorganized Debtors, any entity acquiring property under or otherwise accepting the benefits of the Plan, and every Creditor and Interest Holder, whether or not such Creditor or Interest Holder has filed a proof of Claim or Interest in the Bankruptcy Cases, whether or not the Claim or Interest of such Creditor or Interest Holder is impaired under the Plan, and whether or not such Creditor or Interest Holder has accepted or rejected the Plan.

### 12.2    Discharge.

Except as otherwise provided in the Plan or the Order of Confirmation, the rights afforded under the Plan and the treatment of Claims and Interests under the Plan are in exchange for and in complete satisfaction, discharge, and release of, all Claims, including any interest accrued thereon from and after the Petition Date, against the Debtors, the Reorganized Debtors, the Bankruptcy Estates, or any assets or property of the Debtors, the Reorganized Debtors and the Bankruptcy Estates.  Except as provided in the Plan or the Order of Confirmation, pursuant to Bankruptcy Code § 1141(d), Confirmation forever discharges the Debtors and the Reorganized Debtors from any and all Claims and all debts that arose before the Effective Date, and all debts of the kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not: (a) a proof of Claim based on such debt is filed or deemed filed under Section 501 of the Bankruptcy Code; (b) a Claim based on such debt is Allowed under Section 502 of the Bankruptcy Code; or (c) the holder of a Claim based on such debt has accepted the Plan.

### 12.3    Full Satisfaction of Claims and Interests.

Except as otherwise provided in the Plan and the Order of Confirmation, the rights afforded in the Plan will constitute full and complete satisfaction and release of all Claims and Interests, including any interest accrued thereon from and after the Petition Date, against the Debtors, the

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan (Black)

27

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Reorganized Debtors, the Bankruptcy Estates, or any assets or property of the Debtors, the Reorganized Debtors and the Bankruptcy Estates.

### 12.4 Injunction.

As of the Confirmation Date, all Persons or Entities that have held, currently hold or may hold a Claim or other debt or liability that is discharged or any other right that is terminated under the Bankruptcy Code or the Plan are permanently enjoined from commencing or continuing any action, the employment of process, or other action, to collect, recover or offset any such Claim or debt as a liability of the Debtors or the Reorganized Debtors to the fullest extent permitted by Bankruptcy Code Section 524.

### 12.5 Judgments Null and Void.

Any judgment obtained before or after the Confirmation Date in any court other than the Bankruptcy Court will be null and void as a determination of the liability of the Debtors or the Reorganized Debtors.

### 12.6 Preservation of Insurance.

Nothing in the Plan will diminish or impair the enforceability of any insurance policy that may cover Claims against the Debtors or any other Person.

## ARTICLE XIII.

## CONDITIONS PRECEDENT

### 13.1 Conditions Precedent.

Each of the following is a condition to the Effective Date:

> The Confirmation Order is entered and becomes a final order in form and substance satisfactory to the Debtors. The Confirmation Order will provide, among other things, that the Debtors or Reorganized Debtors, as appropriate, are authorized and directed to take all actions necessary or appropriate to consummate the Plan, including, without limitation, entering into, implementing and consummating the contracts, instruments, releases, leases, indentures, and other agreements or documents created in connection with or described in the Plan.

### 13.2 Waiver of Conditions.

The conditions set forth above may be waived by the Debtors without notice, leave or order of the Bankruptcy Court, or any formal action other than proceeding to confirm or consummate the

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan (Black)

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case: 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 33 of 37

Plan.

# ARTICLE XIV.

## MISCELLANEOUS

**14.1     No Admissions.**

Except as specifically provided in the Plan, nothing contained in the Plan may be deemed or construed in any way as an admission by the Debtors or its Bankruptcy Estates with respect to any fact or any matter set forth in the Plan, including the amount or allowability of any Claim, or the value of any property of the Bankruptcy Estates.

Notwithstanding anything to the contrary in the Plan, if the Plan is not confirmed or the Effective Date does not occur, the Plan will be null and void, and nothing contained in the Plan will: (a) be deemed to be an admission by the Debtors with respect to any matter discussed in the Plan, including liability on any Claim or the propriety of any Claim's classification; (b) constitute a waiver, acknowledgement, or release of any Claim, Interest, or any claims held by the Debtors; or (c) prejudice in any manner the rights of the Debtors or the Bankruptcy Estates in any further proceedings.

**14.2     Revocation of the Plan.**

The Debtors reserve the right to withdraw the Plan before the Confirmation Date.

**14.3     Successors and Assigns.**

The rights, benefits, and obligations of any Entity referred to in the Plan will be binding on, and will inure to the benefit of any heir, executor, administrator, successor, or assign of that Entity.

**14.4     Nonconsensual Confirmation.**

In the event that Classes entitled to vote fail to accept the Plan in accordance with Bankruptcy Code Section 1129(a)(8), the Debtors reserve the right to modify the Plan in accordance with Bankruptcy Code Section 1127(a).  In accordance with Section 1127 of the Bankruptcy Code, the Debtors reserve the right to alter, amend, modify, revoke or withdraw the Plan or any Plan exhibit or schedule including amending or modifying it to satisfy the requirements of the Bankruptcy Code.

/ / /

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
v3.docx

29

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case 11-58944     Doc# 122     Filed: 03/27/12     Entered: 03/27/12 16:40:10     Page 34 of
37

### 14.5 Destruction of Records.

The Reorganized Debtors may, but are not required to, seek one or more orders of the Bankruptcy Court authorizing the abandonment and destruction of their books and records at such time as the recordkeeping time periods required by applicable law, custom or practice have expired.

### 14.6 Saturday, Sunday and Legal Holiday.

If any payment or act under the Plan should be made or performed on a day that is not a Business Day, then the payment or act may be completed the next succeeding day that is a Business Day, in which event the payment or act will be deemed to have been completed on the required day.

### 14.7 Plan Interpretation.

The headings contained in the Plan are for convenience of reference only and do not limit or otherwise affect in any way the meaning or interpretation of the Plan. All references in the Plan to the singular will be construed to include references to the plural and vice versa. All references in the Plan to any one of the masculine, feminine or neuter genders will be deemed to include references to both other such genders. References to the Debtors will also include the Reorganized Debtors (or vice versa) as the context requires. All references in the Plan to a Section or an Article mean the appropriately numbered Section or Article of the Plan. Whenever the Plan uses the term "including," such reference is deemed to mean "including, but not limited to."

### 14.8 Modification.

The Debtors may propose amendments to or modifications of the Plan under Section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019 at any time prior to the conclusion of the hearing on Confirmation of the Plan. After the Confirmation Date, the Debtors may modify the Plan in accordance with Section 1127(b) of the Bankruptcy Code and Bankruptcy Rule 3019.

### 14.9 Setoff/Recoupment.

Nothing contained in this Plan constitutes a waiver or release by the Debtors or Reorganized Debtors of any right of setoff or recoupment the Debtors may have against any Creditor.

### 14.10 Waiver.

After the Confirmation Date, except as otherwise specifically set forth in the Plan, any term of the Plan may be waived only by the party or parties entitled to the benefit of the term to be

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
3-Book

Case 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 35 of 37

waived.

**14.11  Notices.**

All notices required or permitted to be made in accordance with the Plan must be in writing and delivered personally or by first class mail, as follows:

If to the Reorganized Debtors

    Community Towers I-IV, LLC
    Attn: John L. Feece
    111 W. Saint John Street, Suite 705
    San Jose, C 95113

With a copy to:

    John Walshe Murray
    Murray & Murray
    A Professional Corporation
    19400 Stevens Creek Boulevard, Suite 200
    Cupertino, California  95014

and if to a holder of an Allowed Claim or Allowed Interest, at the address prescribed by Section 6.4.2.  Notices will be deemed given when delivered or three days after deposit in the United States mail.  Any Entity may change the address at which such entity is to receive notices under the Plan by filing a written notice with the Bankruptcy Court and serving such notice on the Reorganized Debtors and their counsel.

**14.12  Reservation of Rights.**

Neither the filing of the Plan nor any statement or provision contained in the Plan or in the Disclosure Statement, nor the taking by any party in interest of any action with respect to the Plan, will: (a) be or be deemed to be an admission against interest; and (b) until the Effective Date, be or be deemed to be a waiver of any rights any party in interest may have: (i) against any other party in interest; or (ii) in any of the assets of any other party in interest, and, until the Effective Date, all such rights are specifically reserved.  In the event that the Plan is not confirmed or fails to become effective, neither the Plan nor the Disclosure Statement nor any statement contained in the Plan or in the Disclosure Statement may be used or relied upon in any manner in any suit, action, proceeding or controversy within or without these Bankruptcy Cases involving the Debtors.

/ / /

/ / /

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
3-26-12                                                                31

DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case: 11-58944    Doc# 122    Filed: 03/27/12    Entered: 03/27/12 16:40:10    Page 36 of
37

**14.13   Exhibits.**

All exhibits attached to the Plan are hereby incorporated into the Plan by this reference.

Dated:      March 27, 2012          COMMUNITY TOWERS I, LLC
                                    A DELAWARE LIMITED LIABILITY COMPANY


                                    By:   _/s/ John L. Feece_____
                                          John L. Feece
                                          Responsible Individual

Dated:      March 27, 2012          COMMUNITY TOWERS II, LLC
                                    A DELAWARE LIMITED LIABILITY COMPANY


                                    By:   _/s/ John L. Feece_____
                                          John L. Feece
                                          Responsible Individual

Dated:      March 27, 2012          COMMUNITY TOWERS III, LLC
                                    A DELAWARE LIMITED LIABILITY COMPANY


                                    By:   _/s/ John L. Feece_____
                                          John L. Feece
                                          Responsible Individual

Dated:      March 27, 2012          COMMUNITY TOWERS IV, LLC
                                    A DELAWARE LIMITED LIABILITY COMPANY


                                    By:   _/s/ John L. Feece_____
                                          John L. Feece
                                          Responsible Individual

MURRAY & MURRAY,
A PROFESSIONAL CORPORATION


By:   _/s/ John Walshe Murray_____
      John Walshe Murray
      Attorneys for Debtors

JWM/RRL:cc:mw
K:\Community Towers\Pl\Comm. Towers I, LLC\Plan and DS\Plan\March\Plan
3.doc
32
DEBTORS' JOINT PLAN OF REORGANIZATION
(DATED MARCH 27, 2012)

Case: 11-58944     Doc# 122     Filed: 03/27/12     Entered: 03/27/12 16:40:10     Page 37 of
37