1  ADAM A. LEWIS (BAR NO. 88736)
   ALewis@mofo.com
2  VINCENT J. NOVAK (BAR NO. 233003)
   VNovak@mofo.com
3  KRISTIN A. HIENSCH (BAR NO. 275676)
   KHiensch@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
6  Facsimile: (415) 268-7522

7  Attorneys for Respondent Secured Creditor
   CIBC INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *In re:* | |
| Community Towers I, LLC, a Delaware limited liability company, Employer Tax I.D. No.: 75-2456729, | Case No. 11-058944-SLJ-11 |
| Community Towers II, LLC, a Delaware limited liability company, Employer Tax I.D. No.: 75-2560662, | Case No. 11-058945-SLJ-11 |
| Community Towers III, LLC, a Delaware limited liability company, Employer Tax I.D. No.: 32-0065635, | Case No. 11-058948-SLJ-11 |
| Community Towers IV, LLC, a Delaware limited liability company, Employer Tax I.D. No.: 77-0379075, | Case No. 11-058949-SLJ-11 |
| | Cases Jointly Administered |
| Debtor(s). | Chapter 11 |
| 111 W. Saint John Street, Suite 705 San Jose, California 95113 | CIBC'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ERIC MOGENSEN IN SUPPORT OF CIBC'S OPPOSITION TO THE DEBTORS' MOTION TO EXTEND THE STAY TERMINATION DATE |
| | Date: August 21, 2013 Time: 2:00 p.m. Place: Honorable Stephen L. Johnson 280 S. First Street, Room 3099 San Jose, CA 95113 |

CIBC'S EVIDENTIARY OBJECTIONS RE:
MOGENSEN DECLARATION
sf-3316004

In support of CIBC's Opposition to the Debtors' Motion to Extend Date for Termination of the Automatic Stay, CIBC Inc. ("CIBC") submits these evidentiary objections to the Declaration of Eric Mogensen In Support of Debtors' Motion to Extend Automatic Stay (the "Mogensen Dec.").

**Opinion Testimony.** Mr. Mogensen identifies himself as a lawyer with considerable experience in real estate transactions. However, that experience does not make him an expert on the relevant lending market for commercial office buildings. The Court will recall that experts in that kind of subject matter have the credentials of a Mr. Ferrell or a Mr. Rodriquez, who testified at the October 2012 confirmation trial regarding the appropriate interest rate for the proposed plan based upon the nature of the loan, the property, its historic performance and the feasibility of the plan. Therefore, Mr. Mogensen's testimony in paragraphs 3 (the first sentence), 6, and 7 (regarding his surmise of the reasons why the market has been unreceptive to the sale or refinancing efforts of debtors and debtors in possession Community Towers I-IV, LLC (the "Debtors") of the Mogensen Dec. violate Rule 701 of the Federal Rules of Evidence, which prohibits lay persons from offering opinion testimony. Moreover, it is doubtful that Mr. Mogensen's testimony could meet the combined criteria for admissible expert testimony set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Rule 702 of the Federal Rules of Evidence: (1) reliable science;[1] (2) sufficiency of the underlying facts and data; (3) reliable principles and methods; (4) reliable application of (3); (5) fit (relevance); practical risks (excessively confusing, time-consuming or misleading).

**Hearsay.** Rules 801 and 802 of the Federal Rules of Evidence prohibits testimony about out-of-court statements to prove the truth of those statements. Paragraphs 3 (after the first sentence) and 4 violate Ruled 801 and 802. The alleged loans do not meet any of the exceptions to Rule 802 found in Rule 803 of the Federal Rules of Evidence.

---

[1] *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999) made clear that *Dauber* applies to all kinds of experts, not just scientific experts.

CIBC'S EVIDENTIARY OBJECTIONS RE:
MOGENSEN DECLARATION

1

sf-3316604
Case: 11-58944   Doc# 308-10   Filed: 08/07/13   Entered: 08/07/13 15:46:41   Page 2 of 3

**Best Evidence Rule.** Paragraphs 3 and 4 (to the extent they purport to report on the contents of documents) also violate Rule 1002 of the Federal Rules of Evidence (the so-called "Best Evidence Rule") that requires a party to produce the original, of a document, if feasible, or otherwise a duplicate to prove the documents contents. *See, e.g., Dye v. United States*, 360 F.3d 744, 750 (7th Cir. 2004) (to prove that option exercised party had to produce document exercising option); *Doss v. Apache Powder Co.*, 430 F.2d 1317, 1322 (5th Cir. 1970) (to prove contents of official records of Canada, party had to produce records).

**Relevance.** Rules 401 and 402 of the Federal Rules of Evidence require the exclusion of irrelevant evidence. Mr. Mogensen's discussion of the terms offered and accepted by two clients in paragraphs 3 and 4 of the Mogensen Dec. is irrelevant and should therefore be excluded. There is nothing in his testimony to indicate that the transactions are in any way comparable to Debtors' circumstances. *See, e.g., United States v. Baldwin*, 418 F.3d 575 (6th Cir. 2005) (evidence of experiment inadmissible without showing that conditions and circumstances sufficiently similar to those of situation at issue); *Collins v. B.F. Goodrich Co.*, 558 F.2d 908 (8th Cir. 1977) (same). For example, the nature, location and features of the properties, the loan-to-value ratios, the term of the loan, and the cash flow available for debt service are among the key lending criteria, yet Mr. Mogensen provides none of those details concerning his client's alleged transactions. Moreover, a mere two transactions do not make or necessarily reflect the relevant market. These points also apply to whether Mr. Mogensen could satisfy the expert criteria of *Daubert* and Rule 702.

Dated: August 7, 2013

ADAM A. LEWIS
VINCENT J. NOVAK
KRISTIN A. HIENSCH
MORRISON & FOERSTER LLP

By: /s/ Adam A. Lewis
ADAM A. LEWIS

Attorneys for Secured Creditor
CIBC INC.