TRACY HOPE DAVIS
United States Trustee for Region 17
Office of the United States Trustee
U. S. Department of Justice
280 S. First Street, Suite 268
San Jose, CA 95113-0002
Telephone: (408) 535-5525
Fax: (408) 535-5532
E-mail: edwina.e.dowell@usdoj.gov
By: EDWINA E. DOWELL (SBN 149059)
    Assistant U.S. Trustee
    JOHN S. WESOLOWSKI (SBN 127007)
    Trial Attorney

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>COMMUNITY TOWERS, I, LLC.,<br>COMMUNITY TOWERS, II, LLC.,<br>COMMUNITY TOWERS, III, LLC.,<br>COMMUNITY TOWERS, IV, LLC.,<br><br>Debtors. | Jointly Administered under<br>Case No: 11-58944 SLJ<br><br>Chapter 11<br><br>Date: January 22, 2014<br>Time: 2:00 p.m.<br>Place: Courtroom 3099 |

**MOTION BY UNITED STATES TRUSTEE**
**TO CONVERT CHAPTER 11 CASE TO CHAPTER 7**

PLEASE TAKE NOTICE that at the date and time specified above, at the United States Bankruptcy Court, 280 S. First Street, San Jose CA 95113, Tracy Hope Davis, United States Trustee for Region 17 (the "UST") will, and hereby does, move the Court for the entry of an order to convert the above-captioned cases pursuant to 11 U.S.C. § 1112(b).

In support of this motion the UST asks the Court to take judicial notice of its own records in this case. Fed. R. Evid. 201, made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017. The Declaration of Lynne C. Knight (the "Knight Decl.") is filed concurrently herewith. Opposition should be served and filed in accordance with L.B.R. 9014.

The UST brings this motion on the grounds that the Debtors have lost their real property to foreclosure and have nothing left to reorganize; Debtors have overdue quarterly fees; and Debtors have no incentive to pursue potential claims against insiders, including fraudulent

Motion by the UST to Convert Chapter 11 Case    1

transfers, which claims a Chapter 7 trustee would be in a better position to evaluate and pursue for the benefit of creditors.

### I.   FACTS

1. Debtors filed their Voluntary Petitions under Chapter 11 of the Bankruptcy Code on September 26, 2011. This Court entered its ORDER AUTHORIZING AND DIRECTING JOINT ADMINISTRATION OF ESTATES in the Debtors' cases on September 27, 2011.

2. This Court has made findings that:

   A. Community Towers I – IV, LLCs, are limited liability companies.

   B. Each of the debtor limited liability companies is owned by a limited partnership. Each limited partnership is operated by a general partner.

   C. Either John Feece individually or John and Rosalie Feece jointly own between 90 – 99% of the limited partnership interests in each of those limited partnerships.

   D. John Feece is the president and chief executive of each of the Debtors.

   E. Debtors acquired Community Towers in 2006. Community Towers is a two building office complex with a total of 307,840 marketable square footage located at 111 West Saint John Street and 111 North Market Street in downtown San Jose, California.

ORDER DENYING CONFIRMATION OF DEBTORS' PLAN, Doc. no. 251, p. 2, lines 16 – 21; p.3, lines 1 – 4.

3. On the petition date, Debtors owned Community Towers as tenants in common and valued it at $50M. Debtors reported ownership of no property other than Community Towers and personal property related thereto. Schedule A, Doc. no. 52, p. 2.

4. Debtors report debt in the amount of $573, 978 to creditors holding unsecured nonpriority claims. Approximately $318,000 of this amount consists of lease deposits. Schedule F, Doc. no. 52, pp. 8 – 27.

5. Debtors report 25 payments to creditors who were insiders within one year immediately preceding the filings of their cases which total in excess of $1million, including almost $575,000 to Rosalie Feece and $450,000 to an entity named L'Atrium on the Creek, LLC. *See* Exhibit A, Attachment to Statement of Financial Affairs No. 3c, Doc. no 53, p.16.

6. On March 27, 2012, the Debtors filed the DEBTORS' JOINT PLAN OF REORGANIZATION (Dated March 27, 2012) (as modified by the FIRST MODIFICATION TO DEBTORS' JOINT PLAN OF REORGANIZATION (dated March 27, 2012) filed on August 31, 2012, the "Plan"). The Court concluded that the Plan could not be confirmed because it did not satisfy the best interests of creditors test under §1129(b) and was not feasible as required by §1129(a)(11). The Court entered its ORDER DENYING CONFIRMATION OF DEBTORS' JOINT PLAN on January 25, 2013.

7. In their Master Monthly Operating Report for the month ending October, 2013, Debtors report a cash balance of $1,186,230 and accrued professional fees of $1,610,893. *See*, respectively, Summary of Financial Status, #3. Doc. no. 344, p.3; and Statement of Operations, l. 34. Doc. no. 344, p.4.

8. On November 5, 2013, San Jose Towers Corp., an indirect subsidiary of secured creditor CIBC, Inc. and the assignee of CIBC's loan to the Debtors, conducted a foreclosure sale pursuant to which it acquired Debtors' real property and all related personalty by credit bidding a substantial portion of the debt owed by Debtors, leaving a deficiency remaining on Debtors' loans. In light of the deficiency, San Jose Towers Corp. believes that all cash left in the Debtors' accounts is its cash collateral and, due to Debtors' refusal to turn over these funds, San Jose Towers Corp. has filed a MOTION FOR TURNOVER OF CASH COLLATERAL AND ACCOUNTING scheduled to be heard by this Court on December 18, 2013. The Debtors have opposed this motion.

9. Collectively Debtors owe $2,282.09 in United States Trustee fees as of October 31, 2013 Knight Decl.

## II. DISCUSSION

A bankruptcy court has the authority to order that a Chapter 11 case be converted or dismissed if cause is shown and if the court finds that conversion or dismissal is in the best interest of creditors of the estate. Specifically, § 1112(b) provides:

> . . . [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for

Motion by the UST to Convert Chapter 11 Case    3

> cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

Section 1112(b)(4) of the Bankruptcy Code enumerates circumstances that constitute cause including:

- substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation (1112(b)(4)(A));
- failure to pay any fees or charges required under chapter 123 of title 28 (1112(b)(4)(K)).

The factors enumerated in 11 U.S.C. § 1112(b) are not exhaustive, and a court is permitted to "consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." *In re Consolidated Pioneer Mortg. Entities*, 248 B.R. 368, 375 (9th Cir. BAP 2000), affd. 264 F.3d 803 (9th Cir. 2001) (citation omitted).

Once the moving party has shown cause for conversion or dismissal, the burden shifts to the debtor to demonstrate the existence of unusual circumstances. *See* 11 U.S.C. § 1112(b)(2).

The UST respectfully asserts that cause exists to convert this case for the following reasons.

1. <u>There Is a Substantial or Continuing Loss to or Diminution of the Estate and an Absence of a Reasonable Likelihood of Rehabilitation.</u>

This Court has denied confirmation of Debtors Plan, finding that it was not in the best interest of creditors and that it was not feasible. Thereafter, Debtors lost their primary asset to foreclosure. San Jose Towers asserts that all of the Debtors remaining cash, i.e. $1,186,230, is its cash collateral. There remains nothing left to reorganize and there is no reason for this case to remain in chapter 11. Accordingly, cause for conversion exists pursuant to 11 U.S.C. § 1112(b)(4)(A).

2. <u>Debtors are Delinquent with UST Fees</u>.

28 U.S.C. §1930(a)(6) requires chapter 11 debtors to pay quarterly fees on a sliding scale based on disbursements until their cases are converted or dismissed. Community Towers, I, LLC is current with trustee fees but the remaining Debtors owe total UST fees in the amount

Case: 11-58944    Doc# 348    Filed: 12/16/13    Entered: 12/16/13 16:51:42    Page 4 of 5

of $2,282.09 as of October 31, 2013. Accordingly, cause for conversion exists pursuant to §1112(b)(4)(K).

3. <u>There is Potential for Unsecured Creditors to Benefit from a Conversion.</u>

An additional cause in favor of converting Debtors' cases to chapter 7 is that a chapter 7 Trustee would be permitted to determine if any payments to creditors or others are voidable transfers, and if the over $1M in payments made to insiders during the year prior to filing were fraudulent transfers (the funds from which could be recovered under state law, e.g. CA Civil Code 3439) or otherwise revocable. Rosalie Feece, the wife of the Responsible Individual, John Feece, is the recipient of many of these transfers, so Mr. Feece has no incentive to investigate or pursue either a fraudulent transfer action against himself, his wife or his others. Indeed, no action has been commenced to recover any potential preferences or fraudulent transfers. This constitutes cause to convert the case and allow a chapter 7 trustee to investigate whether there is any cause of action that is appropriate. Unsecured creditors, who are owed almost $574,000, are unlikely to be paid at all if these cases are dismissed.

### III. CONCLUSION

Based on the foregoing, the UST requests the Court to convert these cases to Chapter 7, or for such other relief as the Court deems just and proper.

Dated: San Jose, California
December 16, 2013

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: */s/ Edwina E. Dowell*
Edwina E. Dowell
Assistant United States Trustee
Office of the United States Trustee
280 S. First Street, Suite 268
San Jose, CA 95113-0002
edwina.e.dowell@usdoj.gov