

The following constitutes
the order of the court. Signed April 29, 2014

_____
Stephen L. Johnson
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>COMMUNITY TOWERS, I, LLC.,<br>COMMUNITY TOWERS, II, LLC.,<br>COMMUNITY TOWERS, III, LLC.,<br>COMMUNITY TOWERS, IV, LLC.,<br><br>Debtors. | Chapter 11<br><br>Jointly administered under<br>11-58944 SLJ |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION**

San Jose Towers Corporation ("SJTC"), successor to CIBC, Inc. ("CIBC"), the foreclosing lender on real estate owned by Community Towers I through IV ("Debtors"), has filed a timely motion for reconsideration of the court's Order Granting in Part and Denying in Part Motion for Turnover of Cash Collateral entered on January 21, 2014 (the "Order"). The matter came on for hearing on April 9, 2014. Adam Lewis, Esq. represented SJTC, and Daniel Linchey, Esq. represented chapter 7 trustee Fred Hjelmeset ("Trustee"). For the reasons noted below, the court will grant in part and deny in part the motion.

## I. FACTUAL BACKGROUND[1]

### A. Background

The facts of this case are discussed in the original Order and will not be repeated. The only substantive change in the case since the original motion commencing this action was filed is the conversion of the case to chapter 7 and the United States Trustee's appointment of Fred Hjelmeset as Trustee.

### B. SJTC's Motion for Reconsideration and Opposition

In the Order, the court found that the money Debtors had on hand on September 26, 2011, the day the chapter 11 bankruptcy was filed, was subject to a lien in favor of SJTC. Because SJTC did not take any enforcement steps, as required by California law, including Civil Code § 2938, the court found SJTC's security interest was inchoate.

In its Motion for Reconsideration ("Motion"), SJTC contends the court's decision should be reconsidered based on manifest errors of fact, law, and equity in these respects: (1) the Order failed to address SJTC's contention that Debtors' petition date balances should be considered to have been used up by Debtors before they began using SJTC's cash collateral, rendering all of Debtors' remaining cash SJTC's collateral; (2) the Order failed to address SJTC's contention the court should impose a rule of "pro rata" use of the funds, by which the court would deem a percentage of the funds on hand to have been used; (3) certain accounting anomalies and updated financial information indicate the court's conclusions about the balances were inaccurate; and (4) that the estate (e.g., Trustee) cannot seek to avoid SJTC's lien on the cash balances outside the context of a proceeding under Part VII of the Federal Rules of Bankruptcy Procedure.

Trustee has opposed the Motion, asserting: (1) SJTC is impermissibly using a motion to reconsider as means of making new or previously unsupported arguments; (2) the court rejected SJTC's tracing arguments and no grounds are asserted to revisit that decision; (3) certain figures SJTC relies on in its arguments that are based on Debtors' Monthly Operating Reports

---

[1] This discussion represents the court's findings of fact and conclusions of law within the meaning of Federal Rule of Bankruptcy Procedure 7052(a).

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO RECONSIDER
-2-

("MORs") are not reliable, and (4) SJTC's argument about the need for an adversary proceeding cannot support reconsideration because the argument was omitted from SJTC's original motion.

## II. DISCUSSION

### A. Rule 59(e) Standard

Federal Rule of Bankruptcy Procedure 9023 incorporates Civil Rule 59(e) by reference. Reconsideration under Civil Rule 59(e) is an extraordinary remedy to be used sparingly "in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). It goes without saying that a Rule 59(e) motion to alter or amend a judgment may not be used to relitigate the same matters already determined by the court. A motion to alter or amend generally also may not be used to raise arguments, or to present evidence, that could reasonably have been raised or presented before the entry of judgment. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); MOORE'S FEDERAL PRACTICE, § 59.30. Courts in the Ninth Circuit do not allow reconsideration simply to allow the litigant a "second bite at the apple." *Alexander v. Bleau (In re Negrete)*, 183 B.R. 195, 198 (B.A.P. 9th Cir. 1995).

A court should not reconsider its earlier orders unless there is "newly discovered evidence, [the court] committed clear error, or if there is an intervening change in the controlling law." *Kona Enters. v. Estate of Bishop*, 229 F.3d at 890. Clear error occurs when the court makes an error that is "plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence on the record." *In re Oak Park Calabasas Condominium Ass'n,* 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003)

SJTC argued that the court has discretion to consider new legal theories asserted in the Motion, but not presented or argued previously, because the underlying factual predicate for those theories formed part of the original motion, citing to *Williams v. Poulos,* 11 F.3d 271, 289 (1st Cir. 1993)(court has discretion to consider new arguments based on existing evidence). The Courts of Appeal appear to differ on whether the court has discretion to consider new arguments. Unlike the First Circuit, the Seventh Circuit has concluded that a motion to alter or

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO RECONSIDER
-3-

amend judgment "cannot be used to raise arguments which could, and should, have been made before the judgment issued [and] they cannot be used to argue a case under a new legal theory." *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986). The Ninth Circuit follows the Seventh Circuit. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d at 890. Even if the court has discretion, it should decline to consider legal theories advanced for the first time in a motion to reconsider. *See In re Armstrong Store Fixtures Corp.,* 139 B.R. 347, 350 (Bankr. W.D.Pa. 1992)("initial arguments are not to be treated as a dress rehearsal for a second attempt to prevail on the same matter. Counsel is also expected to 'get it right' the first time and to present all the arguments which counsel believes support its position. Arguments which counsel did not present the first time or which counsel elects to hold in abeyance until the next time will not be considered").

      C.      The Tracing Question

SJTC contends the court failed to fully address its contentions about tracing and allocating the cash on hand before the bankruptcy was filed and the cash generated by the estate during the chapter 11 phase. SJTC makes two essential arguments, to which Trustee appears to append a third argument. The arguments are as follows:

First, as a matter of equity, logic, and practice, the court should presume that Debtors burned through the cash they had on hand at the filing date over the life of the chapter 11 case. SJTC suggests that allowing a debtor to exhaust postpetition cash before it resorts to its prepetition stash is inappropriate and unfair. SJTC did not provide any legal authority for this presumption.

Second, SJTC argues – again, as a matter of equity, logic, and practice – that the court should impose a pro rata rule on the use of cash during the chapter 11 phase of the case such that 93% of cash on hand when the chapter 11 case was converted would be subject to SJTC's (enforceable, postpetition) lien.

Third, clarified significantly by Trustee's comments, SJTC argues that the equitable principle of lowest intermediate account balance should be applied to the balance on hand,

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

which would render significantly more cash on hand subject to SJTC's (enforceable, postpetition) lien.

The court will not change its view on this issue. The Trustee rightly observes that SJTC had the burden of proving to the court that the commingled funds should be covered by SJTC's lien. *Stoumbos v. Kilmnik*, 988 F.2d 949, 957 (9th Cir. 1993). The court found in the Order that SJTC had not produced substantial facts or law in support of its contention that the court should reach into the balance on hand and adjust it to meet SJTC's contentions about what was fair or appropriate under the facts. Without any evidence or law, the court declined the invitation to adjust the balance. In effect, the court found there was no principled basis offered to adjust the court's conclusion that money on hand on the petition date was subject to SJTC's inchoate security interest. Nothing has changed on this score as the moving papers still do not present any decisional law or persuasive commentary to support SJTC's preferred treatments.

The court may have the authority to adjust the property subject to a security interest. Under the Uniform Commercial Code, the court has the power to trace proceeds that have been commingled. California Commercial Code § 9315(a) specifies that a security interest in property attaches to proceeds. Section 9315(b) addresses tracing arguments, and provides that:

> Proceeds that are commingled with other property are identifiable proceeds as follows:
>
> (2) If the proceeds are not goods, *to the extent that the secured party identifies the proceeds by a method of tracing, including application of equitable principles, that is permitted under the law* other than this division with respect to commingled property of the type involved.

Cal. Comm. Code § 9315(b) (emphasis added).

In arguing that the court should apply a presumption that Debtor used the prepetition funds first during the chapter 11 case or apply a pro rata rule on spending, SJTC did not provide the court with any legal authority that such methods are permitted under the law. Instead, SJTC argued the court should adopt one of the two methods on the basis of the court's equitable powers.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO RECONSIDER
-5-

Although bankruptcy courts, as courts of equity, have broad equitable powers, bankruptcy courts "cannot use equitable principles to disregard unambiguous statutory language." *In re Sufolla, Inc.,* 2 F.3d 977, 980 (9th Cir. 1993); *In re Kelly*, 841 F.2d 908, 913 n. 4 (9th Cir. 1988)("Bankruptcy judges have no more power than any others to ignore the plain language of a statute in order to reach a result more in keeping with their notions of equity."). Here, SJTC sought to trace proceeds that are subject to its choate, postpetition lien. Section 9315(b) provides that SJTC may use a method of tracing, including application of equitable principles, that *is permitted under the law*. SJTC does not provide any authority that either the presumption theory or the pro rata theory is permitted under the law. Similarly, SJTC does not cite to any legal authority that the court's equitable powers permit it to disregard state law.

Although the lowest intermediate balance approach is a permissible method under § 9315, *see Committee Comment to Cal. Comm. Code § 9315,* SJTC has never explicitly contended that the lowest intermediate balance rule is the appropriate means to conclude that it has a lien on the pre-petition cash that is enforceable now. That principle, apparently a feature of the court's equitable powers, holds that if money is commingled, a secured creditor may "trace" its funds to the amount on hand by resort showing the lowest intermediate balance in the account. *See In re QMECT, Inc.*, 373 B.R. 682, 687 (N.D. Cal. 2007); *In re Skagit*, 316 B.R. 330, 338 (B.A.P. 9th Cir. 2004). This approach teaches that when the account reaches its nadir, that balance can be attributed to the secured creditor so long as it does not exceed the balance due on the loan. Trustee suggests SJTC is relying on this argument because of the way that SJTC has calculated the balances and at oral argument, SJTC seemed to adopt this point. Because SJTC never made this argument in the original motion and reply or cited to the cases that seem to support this argument, the court will not consider it now.

Finally, it cannot be a manifest error of law, or fact, or a failure to consider a just result when the party does not present law or compelling evidence in support of its argument. SJTC contends at different points that equity, justice, and a presumption of indeterminate origins all require the court to find the funds on hand are covered by its lien. SJTC failed to present any legal basis to support its tracing arguments in the original motion papers, and it again failed to

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO RECONSIDER
-6-

Case: 11-58944    Doc# 382    Filed: 04/29/14    Entered: 04/29/14 10:52:33    Page 6 of 11

do so in the Motion.  Without citations to any contrary law or facts, SJTC failed to establish how the court committed a clear error.  Moreover, although the lowest intermediate balance approach may be applicable, SJTC did not present this argument in the original motion or reply, and the court declines to consider it now.  *See 389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999) (it is not error for a court to fail to decide a question that was not presented).

SJTC makes a subtle and interesting argument in which it observes that although the court said it was not deciding the tracing issue, the court actually did decide the tracing issue.  And, it did so in favor of Debtors.  Put another way, SJTC contends the Order accepted Debtors view that no tracing should occur.  In doing so, the court necessarily rejected SJTC's argument that commingled funds should be traced using presumptions arising from equitable principles.

Some cases turn on the burden of proof and this seems to be one of them.  When the case was filed in September 2012, Debtors had cash on hand.  That cash was subject to an inchoate lien in favor of SJTC's predecessor.  During the chapter 11, Debtors operated the premises, collected rents from tenants and paid for services rendered, in a way that was consistent with cash collateral orders.  However, the postpetition proceeds, which were subject to SJTC's choate security interest, were not segregated from the prepetition proceeds.  When the chapter 11 case ended—or, practically, when the property was foreclosed by STJC—a cash balance remained on hand.  Conceptually, the court determined that some of that cash consisted of the prepetition balance on hand.   SJTC had the burden of identifying the proceeds that are subject to its postpetition choate security interest.  It might have done so by legal authorities or factual proof, but the court found that SJTC did not make that showing.  Thus, the court did not so much adopt Debtors' position on this point as it found SJTC had not carried its burden of proof.

D. <u>The Court Committed an Error of Fact on the Turnover Amount</u>

SJTC contends, in effect, that the court's Order had passed its "sell by" date when it issued.  Debtors filed MORs regularly during the life of this case.  At the time the original motion for turnover was argued and taken under submission on December 18, 2013, Debtors'

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO RECONSIDER
-7-

last filed MOR was October 2013. Subsequently, Debtors timely filed MORs for November and December 2013. (The MORs are not due until the 20th of each calendar month, according to the U.S. Trustee's Guidelines.[2]) Neither of those reports was considered in the Court's Order because neither was available when the matter was taken under submission.

This is not newly discovered evidence. To obtain relief on grounds of newly discovered evidence, the moving party must show: (1) that the evidence existed at the time of trial; (2) that it could not have been discovered earlier despite due diligence; and (3) the evidence is sufficiently significant that it is likely to change the outcome of the case. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). "Cases construing 'newly discovered evidence,' either under Rule 60(b)(2) or Rule 59, uniformly hold that evidence of events occurring after the trial is not newly discovered evidence within the meaning of the rules." *Corex Corp. v. U.S.*, 638 F.2d 119, 121 (9th Cir. 1981).

Nevertheless, Trustee acknowledges that better information is now available to determine how much cash remained on hand by December 2013, and does not seriously contest an adjustment being made to the Order to reflect that.

This chart summarizes the court's Order and the parties' argument about the facts:

|  | Original Decision | SJTC | Trustee |
|---|---|---|---|
| Beginning Cash |  | $808,238.00 | $853,673.39 |
| Ending Cash |  | $1,338,730.00 | $1,312,856.60 |
| Balance -- No Lien | $337,992.00 | $530,492.00 | $459,183.21 |

SJTC argues that the court erred as a matter of fact in ordering the turnover of $377,992 based on the October MOR, instead of ordering the Debtors to turn over the net cash flow as of

---

[2] *See* http://www.justice.gov/ust/r17/docs/general/guidelines.htm, § 4.5.1

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO RECONSIDER
-8-

end of Debtors' operations.[3] By SJTC's calculation, which includes the November and December MORs, the total of the turnover amount should be $530,493. The court determines the correct figure should be $459,183.21, as follows:

The rents for November and December should be included in the balance. According to Trustee's calculation, which is supported by Mr. Crom's careful analysis, the net postpetition rents as of end of December were $459,183.21.

This figure differs from the $530,493 that SJTC claims. The difference between these two figures is $71,309.79. Trustee explains that this difference is attributable to two things. First, the opening balance from Debtors' schedules ($807,474.48) and its first MOR ($808,238) is not accurate. The correct balance, as calculated by Mr. Crom and discussed in his two declarations, should have been $853,673.39. Second, the correct cash balance at closing (December 2013) was $1,312,856.60, not the $1,338,730 indicated in the December MOR. Mr. Crom's figures are supported by bank statements and appropriate reconciling entries.[4] The court finds the figures Trustee has submitted are more accurate and will use them to revise the original Order.

E.     SJTC's § 546 Defense

For the first time in its Motion for Reconsideration, SJTC argues that SJTC has an unavoidable security interest based on Section 544(a) and 546(a)(1). Trustee disputes this point, arguing that this assertion is untimely and unsupported by the evidence. SJTC did not raise this issue in the original motion or reply, as nowhere in those papers did SJTC refer to the type of lien it is asserting now – a lien on deposit accounts. Raising it now in the context of a motion to reconsider is inappropriate.

---

[3] The court acknowledges that Trustee argues that reconsideration on this point is not warranted because SJTC did not request the net cash flow at the end of Debtors' operations in the original for turnover motion. Nevertheless, the proceeds at issue are SJTC's Cash Collateral and subject to its choate lien.

[4] For this calculation, the court used the $808,238 figure from Debtors' amended Schedule B.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO RECONSIDER
-9-

## III. CONCLUSION

The Motion for Reconsideration is granted in part and denied in part. The court grants the motion to the extent that it will amend its earlier Order to provide that turnover amount is $459,183.21, accounting for more accurate financial information and the receipt of further rents for November and December 2013. All other relief requested is denied.

**\*\*\* END OF ORDER \*\*\***

**COURT SERVICE LIST**

**[ECF Recipients]**

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO RECONSIDER
-11-