GOLDBERG, STINNETT, DAVIS & LINCHEY
A Professional Corporation
DENNIS D. DAVIS, ESQ. CA Bar #070591
44 Montgomery Street, Suite 850
San Francisco, CA 94104
Telephone: (415) 362-5045
Facsimile: (415) 362-2392

Attorneys for Fred Hjelmeset, Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re: | Case No. Cases Jointly Administered: |
|---|---|
| COMMUNITY TOWERS I, LLC | 11-58944-SLJ |
| COMMUNITY TOWERS II, LLC | 11-58945-SLJ |
| COMMUNITY TOWERS III, LLC, | 11-58948-SLJ |
| COMMUNITY TOWERS IV, LLC, | 11-58949-SLJ |
| Debtors. | Chapter 7 |

Date: November 19, 2014
Time: 2:00 p.m.
Place: 280 South First Street
San Jose, CA

**MOTION TO APPROVE COMPROMISE OF CONTROVERSY WITH
MURRAY & MURRAY, PC, DORSEY & WHITNEY LLP AND WILLIAM L. CONTI**

Fred Hjelmeset, Trustee ("Trustee") represents:

1. On September 26, 2011 Community Towers I, LLC, Community Towers II, LLC, Community Towers III, LLC and Community Towers IV, LLC ("Debtors") filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the above entitled court. The cased are being jointly administered pursuant to court order. The cases were converted to chapter 7 on January 24,

-1-

144961

1  2014 and thereafter, Fred Hjelmeset was appointed as trustee herein.

2  2. During the chapter 11 cases, debtors were represented by Murray & Murray, PC, Dorsey & Whitney, LLP and William L. Conti ("Chapter 11 Counsel"). The trustee has asserted claims against Chapter 11 Counsel alleging that Chapter 11 Counsel failed to pursue claims against the debtors' principals for recovery of preferential and fraudulent transfers totalling approximately one million dollars. The trustee asserts that, during the period of the chapter 11 proceeding, the statute of limitations for pursuing said claims expired without Chapter 11 Counsel taking steps to preserve the claims. The trustee also asserts that as a result of this failure, the estate's claim for recovery of the funds was lost. The trustee has not filed litigation with respect to said claims, but has conducted discovery with respect to said claims through the use of Rule 2004 examinations and document requests. Additionally, the trustee has conferred extensively with Chapter 11 Counsel.

3. The trustee has entered into an agreement with the Chapter 11 Counsel to subordinate the claims of Chapter 11 Counsel to all administrative and general unsecured claims in the case. In exchange, the trustee will not pursue a claim for malpractice against the Chapter 11 Counsel arising out of their failure to preserve the insider transfer claim. However, the trustee is not providing a general release to Chapter 11 Counsel, as the Debtors have asserted claims (other than the claims relating to avoidable transfers) which they wish to preserve.

4. The compromise with Chapter 11 Counsel insures that the trustee will be able to pay all non-subordinated administrative claims, and all timely filed general unsecured claims in full. The compromise would result in the trustee having sufficient funds to make a partial distribution on the subordinated Chapter 11 Counsel claims.

5. Claims have been filed in the case 11-58944-SLJ estate as follows:

| Claim No: | Claimant: | Allowed Amount: | Disposition: |
| --- | --- | --- | --- |
| Claim No. 1 | Jacqueline Anderson | $902.33 | |
| Claim No. 2 | VirtuaPBX.com | $16,509.18 | |
| Claim No. 3 | Santa Clara County Tax Collector | $0 | Disallowed |
| Claim No. 4 | San Jose Towers Corp. | $0 | Withdrawn |

| Claim No. 5 | San Jose Towers Corp. | $0 | Withdrawn |
| --- | --- | --- | --- |
| Claim No. 6 | San Jose Towers Corp. | $0 | Withdrawn |
| Claim No. 7 | San Jose Towers Corp. | $0 | Withdrawn |
| Claim No. 8 | Franchise Tax Board | TBD | |
| Claim No. 9 | Pacific Bell Telephone Company | $249.72 | |
| Claim No. 10 | Gattey Law Office | $1,189.60 | |
| Claim No. 11 | Office of the United States Trustee | $325.00 | |
| Claim No. 12 | Franchise Tax Board | $800.00 | |
| Claim No. 13 | Misha Consulting Group, Inc. | $12,470.85 | |
| Claim No. 14 | Franchise Tax Board | $6,520.29 | |

6. Claims against the estate have been filed in case 11-58945 as follows:

| Claim No: | Claimant: | Allowed Amount: | Disposition: |
| --- | --- | --- | --- |
| Claim No. 1 | Pacific Gas and Electric Company | $25,536.59 | |
| Claim No. 2 | Franchise Tax Board | TBD | |
| Claim No. 3 | Office of the United States Trustee | $325.00 | |
| Claim No. 4 | Franchise Tax Board | $3,585.72 | |

7. Claims against the estate have been filed in case 11-58948 as follows:

| Claim No: | Claimant: | Allowed Amount: | Disposition: |
| --- | --- | --- | --- |
| Claim No. 1 | Franchise Tax Board | TBD | |
| Claim No. 2 | Office of the United States Trustee | $325.00 | |
| Claim No. 3 | Franchise Tax Board | $3,585.72 | |

8. Claims against the estate have been filed in case 11-58949 as follows:

| Claim No: | Claimant: | Allowed Amount: | Disposition: |
|---|---|---|---|
| Claim No. 1 | Franchise Tax Board | TBD | |
| Claim No. 2 | Office of the United States Trustee | $325.00 | |
| Claim No. 3 | Franchise Tax Board | $3,585.72 | |

9. The chapter 11 claim of Eric Morgensen is not being subordinated. However, the trustee has funds on hand sufficient to pay all chapter 7 claims, all non-subordinated chapter 11 claims, and al timely filed general unsecured claims.

10. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." In general, compromises are favored in bankruptcy cases. *See John S. Marandas, P.C. v. Bishop (In re Sassalos),* 160 B.R. 646, 653 (D. Or. 1993). However, a court should approve a settlement only if "the settlement is fair and equitable and in the best interest of the estate." *Connecticut Gen. Life Ins. Co. v. United Companies Fin. Corp. (Matter of Foster Mortgage Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995). The court must compare the terms of the compromise with the likely rewards of litigation. *See American Can Co. v. Herpel (Matter of Jackson Brewing Co.)*, 624 F.2d 605, 607-08 (5th Cir. 1990).

11. In deciding whether a settlement is fair and equitable and in the best interests of creditors, courts apply the following four-part test: "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544, 1549 (11th Cir. 1990), *cert. denied,* 498 U.S. 959 (1990); *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied*, 479 U.S. 854 (1986).

12. The trustee believes that said compromise is in the best interest of creditors, in that it allows all non-subordinated administrative expenses and all general unsecured creditors to be paid in

full. The only thing given up by the trustee in the compromise is the right to pursue malpractice claims, which recovery would only benefit the transferees of the underlying claims and their attorneys.

WHEREFORE, the trustee prays that he be authorized to be entered into the compromise of controversy with Chapter 11 Counsel.

DATED: October 29, 2014  GOLDBERG, STINNETT, DAVIS & LINCHEY
A Professional Corporation

By: /s/ Dennis D. Davis
Attorneys for Fred Hjelmeset, Trustee